286 So.2d 210 (1973)
Lyla Madolin SIKES, Appellant,
v.
Douglas Ray SIKES, Appellee.
No. S-300.
District Court of Appeal of Florida, First District.
December 11, 1973.
D. Michael Chesser of Moore, Dewrell, Anchors & Kessler, Niceville, for appellant.
Douglas Ray Sikes, in pro. per.

OPINION ON RECONSIDERATION
PER CURIAM.
The decision of this court in this cause rendered by opinion filed November 20, 1973, reversing the post-judgment order appealed herein is hereby withdrawn, set aside, and held for naught.
Appellant, who was respondent in the trial court, seeks review of a post-judgment order modifying that provision of a final judgment of dissolution of marriage requiring appellee-petitioner to make monthly child support payments to appellant-wife for the benefit of their minor child. By the post-judgment order appealed herein, the amount of child support payments required of appellee in the future was reduced from $150.00 per month to the sum of $100.00 per month for and during *211 the period of time specified in the order. By this appeal, appellant charges that the trial court erred in denying her motion to dismiss the petition because of a lack of jurisdiction over her person, and for improper venue.
The judgment of dissolution of marriage involved in this case was rendered on July 11, 1972, in an action commenced and concluded in the Circuit Court of Okaloosa County, Florida. The petition to modify the child support provisions of the final judgment of dissolution was filed by appellee in the Circuit Court of Duval County some three months later on October 4, 1972. No motion was made to transfer the cause to the Circuit Court of Okaloosa County pursuant to Rule 1.060, Rules of Civil Procedure, 30 F.S.A. Appellant appeared at the hearing held before the court on appellee's petition for modification and was ably represented by counsel throughout the proceeding. She filed a motion to dismiss the proceeding on the ground that Duval County was an improper venue since the final judgment sought to be modified was rendered by the Circuit Court of Okaloosa County. Appellant also filed a motion to dismiss the petition for modification on the ground that the court lacked jurisdiction over her person in that she had not been properly served by summons as provided by the statutes and laws of this state. The trial court denied both motions filed by appellant and proceeded to take testimony on the issue of child support raised by the petition for modification. It is the order of modification rendered pursuant to that proceeding which appellant seeks to have reviewed herein.
By her second point on appeal, appellant reasserts her position that the trial court erred in denying her motion to dismiss the petition for modification on the ground of improper venue. It is her position that since the final judgment awarding child support was rendered by the Circuit Court of Okaloosa County, that court retained jurisdiction of that part of the judgment relating to child support payments[1] and had exclusive jurisdiction over any proceedings initiated for the purpose of modifying that aspect of the final judgment.[2] Such contention regarding the exclusivity of the court of original jurisdiction loses its force in the face of F.S., Section 61.14, F.S.A., which provides, inter alia, that when any party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed since the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, reside at the date of the application. It is undisputed that appellee was residing in Duval County at the time he filed his application for modification in the circuit court of that county. Although it may be argued that this statute was intended to apply only to petitions for modification of final judgments or orders relating to support, maintenance, or alimony for the wife, we think that it is broad enough to include also support payments for the dependent children of the parties. This being the case, Duval County was a proper venue under the statute in which appellee was privileged to make his application for modification, and the trial court did not err in denying appellant's motion based upon this ground.
Conceding venue of the action to have been proper, we next turn to the question of whether the court erred in denying appellant's motion to dismiss the petition because of a lack of jurisdiction over her person. Appellant argues that only the Circuit Court of Okaloosa County where the final judgment of dissolution was rendered had continuing jurisdiction over her for the purpose of modifying any aspects of the final judgment. She contends that this proceeding instituted in the Circuit *212 Court of Duval County, even conceding venue to be proper, constituted an original proceeding and not a continuation of the action previously concluded in the Circuit Court of Okaloosa County. She therefore reasons that since this is a new and original action, the court could acquire jurisdiction over her only by personal service of summons upon her in the manner and form prescribed by law for personal service of process in civil actions.[3] In support of her position, she relies on the case of Poliak v. Poliak.[4] This case involved a petition to modify the terms and provisions of a foreign judgment relating to the custody of children and not to the provisions of a judgment relating to child support. For this reason, the rule of law therein set forth does not appear to us to be binding or persuasive in the case sub judice.
It has long been the established law of Florida that proceedings to increase, decrease, or enforce child support provisions of a divorce decree are by nature supplemental to the original decree and are merely a continuation of the original proceeding. It has further been held that parties having been properly brought within the jurisdiction of the trial court at the outset, the supplemental proceedings may be bottomed on a reasonable notice which affords an opportunity to be heard. Such notice may be by mail and its sufficiency in each particular instance is tested by its reasonableness and by the adequacy of the opportunity afforded the opposing party to be heard and to defend against the petition for modification.[5] We do not perceive that the legislature, in its enactment of F.S., Section 61.14, F.S.A., ever intended that a proceeding for modification of a final judgment of dissolution relating to child support payments, if filed in the circuit court of a county other than where the order or judgment sought to be modified was rendered, would constitute a new and independent action requiring formal service of process by issuance of a subpoena to be served by the sheriff in accordance with statutory requirements. It is our view that, under said statute, notice of a petition to modify the alimony or support provisions of a final judgment or order may be served by mail as heretofore authorized even though the proceeding is instituted in a venue other than that in which the original judgment or order was rendered. For this reason we conclude that appellant was properly served with notice of the hearing, at which she was represented by counsel of her choice and at which she challenged the venue of the action and the court's jurisdiction over her. The fact that this proceeding was initiated in Duval County where appellee resided rather than Okaloosa County where the judgment sought to be modified was rendered is immaterial. The court therefore did not err in denying appellant's motion to dismiss the proceeding on jurisdictional grounds.
Appellant having failed to demonstrate error, the order appealed is affirmed.
RAWLS, C.J., and WIGGINTON and JOHNSON, JJ., concur.
NOTES
[1] F.S., § 61.13(1), F.S.A.
[2] Haley v. Edwards, (Fla.App. 1970) 233 So.2d 647; Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842.
[3] Klosenski v. Flaherty, (Fla. 1960) 116 So.2d 767.
[4] Poliak v. Poliak, (Fla.App. 1970) 235 So.2d 512.
[5] Kosch v. Kosch, (Fla. 1959) 113 So.2d 547, 550; Florida Family Law, § 33.41, Florida Bar Continuing Legal Education (2nd Ed. 1972); Arrington v. Brown, (Fla.App. 1959) 116 So.2d 461; 10A Fla.Jur. 467, § 343, Dissolution of Marriage, Etc.