340 So.2d 1200 (1976)
Joseph CAMERANO, Appellant,
v.
Helen CAMERANO (Michalak), Appellee.
No. 76-129.
District Court of Appeal of Florida, Fourth District.
December 10, 1976.
Curtis R. Mosley of Law Offices of Wolfe, Kirschenbaum, Caruso & Mosley, P.A., Merritt Island, for appellant.
John H. Evans and Robert A. Wohn, Jr., of Crofton, Holland, Starling, Harris & Severs, P.A., Titusville, for appellee.
MAGER, Chief Judge.
This is an appeal by Joseph Camerano, appellant-respondent, from an amended (post-judgment) order awarding Helen Camerano (Michalak), appellee-petitioner, child support.
The record reflects that a final judgment of dissolution was entered on January 21, 1974 wherein custody of the two minor children, ages 15 and 11 respectively, was awarded to appellee. No child support was ordered at that time. However, the final judgment of dissolution contained the following:
"The court reserves jurisdiction over the parties hereto for child support and any further orders that may be appropriate."
The record reflects that on August 15, 1975, appellee filed a petition for the award of child support alleging, among other things, that the appellant orally agreed to provide child support for the two minor children; had failed to provide such support pursuant to the agreement; and was able to provide such support; and requesting the award of child support in accordance with the prior alleged oral agreement. The record further reflects that the petition was served upon the appellant by means of sending a copy to the appellant by certified mail to an address in Brooklyn, New York.
On October 3 the trial court entered an order denying appellant's motion to strike *1201 and dismiss appellee's petition.[1] Thereafter appellant filed an answer denying the essential allegations of appellee's petition. Appellant also filed a financial affidavit reflecting a total net income of $95.00 per week with expenses reflecting $123 per week and total assets in the amount of $350.
At trial appellee testified that at the time of the divorce the appellant verbally agreed at or prior to dissolution to pay child support in the amount of $200 per month or $100 per child.[2] Appellee further testified that appellant made some (voluntary) payments to the appellee for child support. In an effort to further demonstrate appellant's financial ability to pay the appellee further testified that appellant had given one of the minor children an expensive 10-speed bicycle and had promised to buy the two children automobiles and promised to pay college education for the minor children and all the medical bills for which he had insurance.
The testimony of the appellee further reflected that she had since remarried and that her present husband was providing for the support of her two children.
On January 23, 1976 the trial court entered an amended order awarding appellee the sum of $100 per month per child for the support of the two minor children of the parties. A reading of the amended order reflects that the trial court relied upon the verbal agreement between the parties and the appellant's asserted compliance for a time with such agreement.
In this appeal the appellant contends that the trial court lacked jurisdiction over the person of the appellant by reason of service of the petition by certified mail rather than in accordance with the statutes and rules pertaining to service of process upon residents and non-residents. Appellant further contends that the trial court erred in basing the child support award upon a verbal agreement made prior to the entry of the final judgment of dissolution. Appellant also contends that since the award of child support constituted a modification of the support provisions of the final judgment of dissolution it was necessary to demonstrate a substantial change in the circumstances of the parties which the record does not support.
With regard to the jurisdictional contentions of the appellant and the assertion that the petition for the award of child support was required to be served in the same manner as the required service of process as though it were an initial pleading in an action (Rule 1.070, Fla.R.Civ.P.; sections 48.193(1), (2) and 48.194, Florida Statutes), the decision in Sikes v. Sikes, 286 So.2d 210 (Fla. 1st DCA 1973), and the provisions of Rule 1.110(h), Fla.R.Civ.P., indicate that appellant's contentions are without merit. In Sikes v. Sikes, supra, the court discussed the nature of post-judgment proceedings involving an increase, decrease or enforcement of child support provisions of a divorce decree indicating that such proceedings are by nature "supplemental to the original decree and are merely a continuation of the original proceeding". In this regard the court specifically pointed out:
"... It has further been held that parties having been properly brought within the jurisdiction of the trial court at the outset, the supplemental proceedings may be bottomed on a reasonable notice which affords an opportunity to be heard. Such notice may be by mail and its sufficiency in each particular instance is tested by its reasonableness and by the adequacy of the opportunity afforded the opposing party to be heard and to defend against the petition for modification... ." (286 So.2d at 212).
The Sikes decision was decided in 1973 but makes no reference to Rule 1.110(h), which was adopted in 1971 (253 So.2d 404). Subsection (h) of Rule 1.110, provides as follows:

*1202 "(h) Subsequent Pleadings. When the nature of an action permits pleadings subsequent to final judgment and the jurisdiction of the court over the parties has not terminated, the initial pleading subsequent to final judgment shall be designated a supplemental complaint or petition. The action shall then proceed in the same manner and time as though the supplemental complaint or petition were the initial pleading in the action, including the issuance of any needed process. This subdivision shall not apply to proceedings that may be initiated by motion under these rules."
We find no inconsistency between Rule 1.110 and Sikes v. Sikes, supra. A common sense reading of the rule reflects that if the court's jurisdiction over the parties is not terminated issuance of new process becomes unnecessary. The specific retention of jurisdiction dispenses with the necessity of further process  under the circumstances process is not "needed". Further support for this proposition may be found in Trawick's treatise on Practice and Procedure (1975 edition), sec. 7-7, which provides, in part, as follows, at p. 107:
"§ 7-7 Supplemental pleadings
Many actions have proceedings subsequent to the final judgment that are continuations of the original action and require a determination of issues of fact. Some examples are trust accountings and modification of judgments in dissolution of marriage actions. These proceedings may raise issues of fact that cannot be accommodated by a speaking motion as discussed in § 9-4. In these situations the pleader may file a supplemental complaint or petition, as is appropriate. It has the same effect as an initial pleading. It begins a new proceeding as a continuation of the original action. The term `proceeding' used in this sense does not imply a new or independent action. It means a continuation of the same action by a request for further judicial acts. Unless the court has retained jurisdiction by its former judgment or as a matter of law, new service of process is necessary as discussed in Chapter 8. .. ." (Emphasis added.)
As heretofore indicated the final judgment of dissolution stated that the trial court specifically reserved jurisdiction over the parties "for child support and any further orders that may be appropriate." Accordingly, the transmittal of appellee's petition upon the appellant by certified mail was sufficient service.
We have carefully reviewed the appellant's remaining contentions and are of the opinion that they are without merit. An examination of the record in its totality reflects the existence of sufficient competent substantial evidence upon which the trial court's judgment may be sustained.[3] Accordingly, the judgment of the trial court is AFFIRMED.
ALDERMAN, J., and GREEN, OLIVER L., Jr., Associate Judge, concur.
NOTES
[1] It was suggested that the motion was predicated upon lack of jurisdiction over the person. However, the motion does not appear in the record on appeal.
[2] Appellant did not appear at the trial.
[3] Since the trial court initially withheld any decision regarding child support, appellee's petition did not constitute a "modification" of a child support order to be decided by the applicable principles of law. Additionally, the appellant, who did not appear, filed answers to interrogatories regarding his financial circumstances which, in our opinion, were not proper for consideration inasmuch as they were not offered into evidence. Myers v. Roberts, 35 Fla. 255, 17 So. 358 (1895); 20 Fla.Jur., Discovery and Depositions, § 67, p. 446.