358 So.2d 91 (1978)
Barbara Jean YONTZ, Appellant,
v.
Alvin Peter YORKUNAS, Appellee.
No. 77-1403.
District Court of Appeal of Florida, Second District.
April 26, 1978.
J. Michael Shea, of Duran, Shea & Cantera, Tampa, for appellant.
No appearance for appellee.
OTT, Judge.
The appellant/wife appeals that portion of the final judgment of dissolution of marriage ordering appellee/husband to pay $25.00 per week child support. We conclude that the trial court abused its discretion by awarding this specific amount without sufficient evidence upon which to base its determination and we reverse.
The parties entered into a "separation and property settlement agreement" in contemplation of divorce and the wife filed a copy of this agreement along with her petition for dissolution. The agreement provided that the parties had and wished to maintain "joint custody" of the minor child and that the wife was not presently seeking an award of child support.
At a hearing before a special master, the parties agreed that the child was living primarily with the wife and she should have custody, but reaffirmed their agreement that the wife was not presently seeking child support. Accordingly, the special master's report recommended that the wife be awarded custody of the child and that no child support be awarded at this time but that the trial court retain jurisdiction over the matter of child support.
At the final hearing, the trial judge refused to enter a final judgment without specifying some minimum obligation of the husband for child support. Upon ascertaining that the husband was then paying $23.00 per week for the child's nursery school and that the parties "split the costs of the child, of everything," ordered the final judgment prepared requiring the husband to pay $25.00 per week for child support. This order was entered without, so far as the record shows, sufficient evidence of the husband's ability to pay and without any evidence of the child's needs or the wife's ability to contribute to the support of the child.
On the basis of the record before this court, it would appear that the husband was contributing more than $25.00 per week to the support of the child at the time of the dissolution hearing, since he and the wife were splitting all the child's expenses. *92 Nursery school alone cost $23.00 per week. If that is, in fact, the case, then the trial judge has lifted any responsibility on the part of the husband to pay more than $25.00 per week, although the husband had by virtue of the parties' agreement agreed to assume that responsibility to the extent that half the cost of supporting the child exceeded $25.00 per week. While the trial court has broad discretion to enter any award supported by the evidence, the trial judge below abused his discretion by making an award without sufficient evidence upon which to base his determination.
That portion of the final judgment ordering the husband to pay $25.00 per week for child support is vacated and the cause remanded to the trial court for further proceedings not inconsistent herewith. The final judgment is affirmed in all other respects.[1]
RYDER and DANAHY, JJ., concur.
NOTES
[1] As of this writing, appellant/wife had not made payment for the lower court clerk's fees in this appeal. On remand, the trial court may, of course, take appropriate steps to see that these fees are paid.