377 So.2d 187 (1979)
Enoch Morgan STICKNEY, Jr., Appellant,
v.
Mary Agnes Sellers STICKNEY, Appellee.
No. JJ-402.
District Court of Appeal of Florida, First District.
January 31, 1979.
Rehearing Denied December 7, 1979.
Jack A. Harnett, of Johnson, Harnett & Curry, Quincy, for appellant.
Michael Mck. Wilson, of Duggar & Wilson, Tallahassee, for appellee.
MILLS, Judge.
Appellant (husband) seeks reversal of an order modifying a final judgment in a dissolution of marriage case by changing the rehabilitative alimony awarded appellee (wife) in the judgment to permanent alimony.
*188 The husband contends the trial court erred in denying his motion to dismiss the wife's petition for modification because service on him, a nonresident, by mail did not give the court jurisdiction over him where the judgment failed to reserve jurisdiction to award permanent alimony in the future. We agree and reverse.
In the original proceeding, the wife sought rehabilitative and permanent alimony. The court awarded her rehabilitative alimony. The judgment did not reserve jurisdiction to award permanent alimony in the future.
Before the period provided for rehabilitative alimony lapsed, the wife timely moved for a modification of the judgment, praying for an increase in the amount of the alimony. The husband was served with a copy of the petition and notice of hearing by mail. He timely moved for dismissal for lack of jurisdiction over his person. The court denied his motion.
Timely proceedings to increase the amount of alimony awarded by a judgment in a dissolution of marriage action are supplemental to the judgment and are merely a continuation of the original proceedings. The parties having been properly brought within the jurisdiction of the trial court at the outset, the modification proceedings may be brought on a reasonable notice which affords an opportunity to be heard. Notice may be by mail provided it is reasonable and adequate opportunity is afforded the opposing party to be heard and defend against the petition for modification. Sikes v. Sikes, 286 So.2d 210 (Fla. 1st DCA 1973).
Sikes, however, is not applicable to the facts in the case before us because the court did not reserve or retain jurisdiction to award permanent alimony in the future. See Camerano v. Camerano, 340 So.2d 1200 (Fla. 4th DCA 1976). The wife should have proceeded under Fla.R.Civ.P. 1.110(h) which requires new service of process.
In addition, under Sikes, it is our opinion that the notice was insufficient to fairly permit the husband to defend because the petition merely notified him that the wife was seeking an increase in the amount of rehabilitative alimony, whereas she was actually seeking a change from rehabilitative alimony to permanent alimony.
Other intriguing issues have been raised but having decided the trial court did not acquire jurisdiction of the husband it is unnecessary that we discuss them.
We reverse the order appealed.
BOYER, Acting C.J., concurs.
BOOTH, J., dissents.
BOOTH, Judge, dissenting.
I would affirm the judgment below.
The majority opinion conflicts with the decision in Lee v. Lee, 309 So.2d 26, 28 (Fla. 2nd DCA 1975) wherein on substantially the same facts a contrary result was reached. In the Lee case, the wife was awarded rehabilitative alimony in a judgment which did not reserve jurisdiction, as in the instant case. She subsequently applied for modification of the final decree prior to the expiration of the rehabilitative alimony period, seeking permanent alimony. The trial court denied the petition for modification, stating that there was no reservation of jurisdiction in the original order. The District Court reversed and remanded, holding (309 So.2d at 28):
"When the vehicle of rehabilitative alimony is used,... through unforeseen and faultless circumstances the anticipated and hoped for rehabilitation may not in fact occur to the extent that the awarded party is reasonably able to sustain herself or himself as intended by the court initially. In such case the awarded party should have the opportunity to petition the court for a re-evaluation of the alimony matter entirely and/or for an extension or modification of the rehabilitative alimony award. Particularly is this so when, as here, no permanent alimony was additionally awarded in the beginning.
As to timeliness, we again note that here the court had not retained jurisdiction to revisit the alimony question. But we emphasize *189 that the petition for modification was filed within the original rehabilitative period and while the awarded payments were being made. In our view, and notwithstanding that jurisdiction is not retained, so long as the provisions of a final degree relating to `any payments' ... are executory in whole or in part the court has jurisdiction to entertain a petition for a modification within the scope thereof." (emphasis theirs)
Under Florida Statute § 61.14 the trial court has jurisdiction as a matter of law to modify the alimony awarded in the prior judgment. Under § 61.14, it is not necessary that the trial court have expressly retained jurisdiction in the prior order for there to be a subsequent modification of the alimony awarded. The statute itself confers jurisdiction[1] as follows:
Fla. Stat. § 61.14, Modification of alimony judgments; agreements; etc.
"... [W]hen a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed ... the court has jurisdiction to make orders as equity requires... ."
Here the husband, employed by the U.S. Department of State, has relocated his residence to Guatemala and his former wife, a 53-year old Florida resident, is physically disabled and unable to rehabilitate herself to gainful employment. She applied prior to termination of the period of rehabilitative alimony for either an extension of rehabilitative alimony or for an award of permanent alimony. In Cann v. Cann, 334 So.2d 325, 330 (Fla. 1st DCA 1976), an opinion by the eminent jurist, Boyer, J., this Court held:
"[A]s the period of rehabilitative alimony draws to a close, the wife may, upon a showing of diligent effort toward rehabilitation which through no fault of her own has been unsuccessful, petition the trial court for an extension of the rehabilitative alimony or an award of permanent alimony... ."
The limitations imposed by the majority on the power of the trial court to deal with the changed circumstances of the parties in this case are not prescribed by statute, rule or case law, and should not be adopted here.
I respectfully dissent.

ON PETITION FOR REHEARING DENIED
MILLS, Chief Judge.
Appellee (wife) petitions for a rehearing contending that we misapprehended the impact of Section 61.14, Florida Statutes, that our decision is in direct conflict with Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976), and that we overlooked that appellant (husband) received notice of the hearing and was represented by counsel.
We did not misapprehend Section 61.14. The pertinent parts of the Section provide that "... when a party is required by court order to make any [alimony] payments, and the circumstances or the financial ability of either party has changed . . [since] the rendition of the order, either party may apply to the circuit court of the circuit in which ... the order was rendered, for a judgment decreasing or increasing the amount of ... alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial *190 ability of the parties ... decreasing or increasing or confirming the amount of ... alimony provided for in the agreement or order."
The final judgment awarded rehabilitative alimony. It declined to award permanent alimony although the wife sought this type alimony. The judgment did not retain jurisdiction to award future permanent alimony. The wife petitioned for an increase in rehabilitative alimony. This Section 61.14 permits. She did not petition the court to change the rehabilitative alimony to permanent alimony. The wife's petition requested the court to "enter an order modifying the Final Judgment of the Dissolution of Marriage with regard to the amount of alimony to be paid... ."
The decision here is not in conflict with Cann. The issues in Cann were whether the alimony awarded by the trial court was rehabilitative or permanent and what it should have been. The Cann court held the trial court awarded permanent alimony but should have awarded rehabilitative alimony. As dictum the court stated:
"... as the period of rehabilitative alimony draws to a close, the wife may, upon a showing of diligent effort toward rehabilitation which through no fault of her own has been unsuccessful, petition the trial court for an extension of the rehabilitative alimony or an award of permanent alimony."
In the case before us the wife merely sought an increase in the rehabilitative alimony. She did not petition for a change of rehabilitative to permanent alimony or for an award of permanent alimony.
Although the husband received the notice of hearing and was represented by counsel at the hearing, neither the petition nor notice put the husband on notice that the wife was seeking anything other than an increase in rehabilitative alimony. Both Cann, supra, and Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975), require notice that the petitioner is seeking an increase in rehabilitative alimony and/or an award of permanent alimony. The wife's petition here sought only an increase in rehabilitative alimony.
LARRY G. SMITH, J., concurs.
BOOTH, J., dissents.
BOOTH, Judge, dissenting.
The petition for modification filed in the trial court is in pertinent part as follows:
"Respondent has been found by competent medical authorities to be totally disabled and unable to maintain gainful employment for an indefinite period of time.

......
Respondent was not aware at the time of the entry of Final Judgment in this cause of the debilitating circumstances which have subsequently rendered her unable to maintain gainful employment and which will require substantial medical attention and treatment in the future.
WHEREFORE, Respondent respectfully requests this court:
Enter an Order modifying the Final Judgment of the Dissolution of Marriage with regard to the amount of alimony to be paid to Respondent in accordance with the needs of Respondent and the financial ability of petitioner." (e.s.)
The foregoing pleading was sufficient notice to the husband that the wife claimed total disability from gainful employment and sought to have the court re-evaluate the alimony awarded. Lee v. Lee, 309 So.2d 26, 28 (Fla. 2nd DCA 1975). The trial court correctly considered the motion authorizing it to modify the alimony awarded, and did so by providing that the same amount previously awarded as rehabilitative alimony be made permanent.
I do not agree with the majority view that the petition for modification was insufficient notice to the husband or that the court was without jurisdiction to award permanent alimony. Nor can I agree that petitions for modification which seek a "type" of alimony other than that awarded by the final judgment sought to be modified constitute a new proceeding requiring that new personal service be obtained against the respondent. The law is clear *191 that modification proceedings are a continuation of the prior proceeding. It is unnecessary that the court expressly reserve jurisdiction to make future awards as there is continuing jurisdiction as a matter of law. Florida Statute section 61.14; Trawick, Practice and Procedures, 7-7 (1975).
The judgment below should be affirmed.
NOTES
[1] Cantor v. Cantor, 306 So.2d 596, 597 (Fla. 2nd DCA 1975):

"As we view Florida Stat. 61.14, the statute itself confers upon the court jurisdiction to modify the provisions of the final judgment as to rehabilitative or permanent alimony under the appropriate circumstances ..."
See, Trawick, Practice and Procedure § 7-7 (1975):
"Many actions have proceedings subsequent to the final judgment that are continuations of the original action and require a determination of issues of fact. Some examples are ... modification of judgments in dissolution of marriage actions... . The term `proceeding' used in this sense does not imply a new or independent action. It means a continuation of the same action by a request for further judicial acts. Unless the court has retained jurisdiction by its former judgment or as a matter of law, new service of process is necessary as discussed in Chapter 8. .. ." (e.s.)