418 So.2d 1064 (1982)
Gregorio DIAZ, Appellant,
v.
Lynne DIAZ, Appellee.
No. 81-2209.
District Court of Appeal of Florida, Third District.
August 3, 1982.
Rehearing Denied September 27, 1982.
*1065 Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellant.
Amador & Dienstag and Mark Dienstag, Miami, for appellee.
Before HUBBART, C.J., BASKIN, J., and PEARSON, TILLMAN (Ret.), Associate Judge.
PEARSON, TILLMAN (Ret.), Associate Judge.
The appellant, Gregorio Diaz, appeals a final judgment dissolving his marriage to Lynne Diaz and requiring him to pay $40 per week for support of the minor child of the parties. He was the petitioner and is well pleased with the dissolution of the marriage and with the provision granting to him reasonable rights of visitation with the child. The child was six months of age at the time of the filing of the petition. He resides with his mother in Southampton, England.
The sole point presented on the appeal is that the trial court erred when it ordered the father to pay child support when no evidence was presented as to the needs of the child or the father's ability to support the child. See Page v. Page, 371 So.2d 543 (Fla. 3d DCA 1979).
We commend the trial judge upon the exercise of judicial conscience. The granting of a judgment dissolving a marriage is not a ministerial act. If it were, it could be signed by the clerk. A spouse who invokes the jurisdiction of a court of equity to resolve his or her marital difficulties must submit to the equitable doctrine that he who seeks equity must stand before the court with "clean hands" and "he who seeks equity must do equity." Williamson v. Williamson, 367 So.2d 1016 (Fla. 1979).
In the instant case, the trial court correctly applied the above principles but failed to require the inclusion in the record of evidence upon which it could properly exercise its discretion in the matter of child support. See Yontz v. Yorkunas, 358 So.2d 91 (Fla. 2d DCA 1978). Where there is such an insufficiency of evidence on some material point as to prevent the entry of a just decree, and it appears from the record that the required evidence is available, the cause may be remanded with directions to take further evidence on that point. Chapman v. St. Stephens Protestant Episcopal Church, Inc., 105 Fla. 683, 145 So. 757 (1933); Fuller v. Fuller, 23 Fla. 236, 2 So. 426 (1887); Atlantic & Gulf Properties, Inc. v. Palmer, 109 So.2d 768 (Fla. 3d DCA 1959). We, therefore, reverse the judgment and remand the cause with directions that prior to the entry of judgment, the trial court shall require the introduction of evidence as to the needs of the minor child and the petitioner's ability to pay.
Reversed and remanded.