PER CURIAM.
The husband appeals the trial court’s denial of his motion to continue a modification proceeding, and entry of an order increasing child support from $100.00 per month to $350:00 per month. We reverse.
The final judgment of dissolution was rendered on July 29, 1974. On March 18, 1982, the wife filed a motion for modification seeking an increase in the amount of child support. On the same day she filed a notice of hearing scheduling the hearing for April 5, 1982, at 4:00 p.m. On March 31, 1982, the wife filed a notice to produce, directing the husband to produce, at the hearing to be held on April 5, all of his financial records for the previous four years. On the date of the hearing, the wife’s attorney filed a certificate of service certifying that a copy of the wife’s financial affidavit had been mailed to the húsband on April 1,1982. The husband resides in Alexandria, Virginia, and the wife in Jacksonville, Florida.
On the date of the hearing, the husband’s Virginia counsel filed a notice of special appearance, a motion to continue the hearing, and a motion to quash the request to produce. Neither appellant, nor his counsel, appeared at the hearing. The trial court entered an order denying appellant’s motions, and increasing the amount of child support. Subsequently, the court denied appellant’s motion for rehearing, and he appealed.
Petitions to modify final judgments of dissolution are governed by Rule 1.110(h), Florida Rules of Civil Procedure. Small v. *234 Small, 313 So.2d 749 (Fla.1975). The rule provides, in pertinent part:
When the nature of an action permits pleadings subsequent to final judgment and the jurisdiction of the court over the parties has not terminated, the initial pleading subsequent to final judgment shall be designated a supplemental complaint or petition. The action shall then proceed in the same manner and time as though the supplemental complaint or petition were the initial pleading in the action, including the issuance of any needed process.
In 1980, Rule 1.440(b), Florida Rules of Civil Procedure, was amended to require Notice for Trial to specify whether trial would be on the original pleadings, or on subsequent pleadings under Rule 1.110(h). The Florida Bar, 391 So.2d 165 (Fla.1980).
Appellant, a resident of another state, was served with the petition and notice of hearing only 17 days before the scheduled hearing dale. Appellant contends that in that short time he cannot be expected to obtain local counsel, make arrangements to attend the hearing, respond to a request to produce filed only 5 days before the scheduled hearing, respond to the petition, and prepare his defense. We hold that the appellant has shown that the procedure followed in this case resulted in prejudice to appellant, and that the trial court erred in denying his motion for continuance. Cf. Padgett v. First Federal Savings and Loan, 378 So.2d 58 (Fla. 1st DCA 1979); Davis v. Hagin, 330 So.2d 42 (Fla. 1st DCA 1976).
REVERSED and REMANDED.
BOOTH,' LARRY G. SMITH and ZEH-MER, JJ., concur.