472 So.2d 1317 (1985)
Harold Pat GILBERT, Appellant,
v.
Virginia Regenia GILBERT, Appellee.
No. 84-1312.
District Court of Appeal of Florida, Second District.
July 17, 1985.
*1318 Michael F. Beal of Blackwell & Beal, P.A., Naples, for appellant.
John P. Cardillo of Monaco, Cardillo, Keith & Volpe, P.A., Naples, for appellee.
OTT, Acting Chief Judge.
The husband appeals a nonfinal order of the trial court dismissing without prejudice his petition for modification of child support payments and his motion for contempt to enforce his visitation rights set out in the original dissolution decree. The trial court found that the petition for modification was a different and new set of facts and circumstances pursuant to Florida Rule of Civil Procedure 1.110(h), necessitating commencement by a new personal service of process; therefore, it dismissed without prejudice both the petition and the motion for contempt. Because the nonfinal order determined jurisdiction of the person, we have jurisdiction to review pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). See National Lake Developments, Inc. v. Lake Tippecanoe Owners Association, Inc., 395 So.2d 592 (Fla. 2d *1319 DCA 1981), approved, 417 So.2d 655 (Fla. 1982). For the reasons stated below, we reverse the trial court's order and remand for further proceedings consistent with this opinion.
In May 1981, the parties' marriage was dissolved by the circuit court in Collier County. Under the terms of the property settlement agreement incorporated into the dissolution decree, the husband was to pay child support and receive reasonable visitation rights to the parties' four minor children. The trial court retained jurisdiction to enforce the judgment.
At some point the wife and children moved to Georgia. The husband claims the wife moved to Georgia after the dissolution decree was entered. She claims she moved before the final decree was entered. The record on appeal is silent on this point. In any event, some time after the Collier County final decree, the husband petitioned the superior court in Montgomery County, Georgia, for an order holding the wife in contempt for violating the visitation terms of the Florida dissolution decree. A hearing was held on November 8, 1982, and on December 23, 1982, the Georgia court entered an order finding the wife not to be in contempt of that court. The Georgia court further ordered the husband's visitation rights to be contingent on him making the required child support payments.[1]
In February 1984, the husband petitioned the Collier County Circuit Court to modify its original dissolution judgment, alleging that changed circumstances warranted a reduction of the child support payments. The husband also filed a motion for contempt against the wife, alleging violation of the visitation terms of the original judgment.
The wife filed a special appearance to contest jurisdiction. She alleged that the Florida court had no jurisdiction over the parties for three reasons: (1) because of the husband's prior unsuccessful contempt action in Georgia; (2) because he had failed to comply with the Georgia court order to make child support payments; and (3) because he did not perfect service in these new proceedings in that he only mailed her copies of his postjudgment pleadings. Apparently, the husband mailed copies of the petition and motion to the wife, her counsel in the original dissolution action, and her counsel in the Georgia contempt proceedings. The husband also, apparently, mailed by certified mail copies of the pleadings to the wife.[2]
After a hearing on the wife's motion, the trial court ruled that the husband's petition for modification was a new and different set of facts and circumstances pursuant to Florida Rule of Civil Procedure 1.110(h), necessitating a new service of process. Accordingly, the trial court dismissed without prejudice both the petition and the motion for contempt. The husband timely appealed.
Rule 1.110(h) provides:
(h) Subsequent Pleadings. When the nature of an action permits pleadings subsequent to final judgment and the jurisdiction of the court over the parties has not terminated, the initial pleading subsequent to final judgment shall be designated a supplemental complaint or petition. The action shall then proceed in the same manner and time as though the supplemental complaint or petition were the initial pleading in the action, including the issuance of any needed process. This subdivision shall not apply to proceedings that may be initiated by motion under these rules.
(Emphasis added.) There is no doubt that the rule, as the committee note points out, applies to petitions to modify final judgments of dissolution. Small v. Small, 313 So.2d 749, 751 (Fla. 1975); Young v. Young, 431 So.2d 233, 234 (Fla. 1st DCA 1983). *1320 The question in this appeal is whether any new process needed to be issued under the facts of this case.
It has long been the law of Florida that proceedings to modify or enforce child support or alimony provisions of a dissolution decree are supplemental to and a continuation of the original proceeding. Because the parties were properly brought within the trial court's jurisdiction at the outset, the modification proceedings may be brought upon reasonable notice which affords an opportunity to be heard. This notice may be given by mail, provided it is reasonable, and adequate opportunity is afforded the opposing party to be heard and defend against the petition for modification. Kosch v. Kosch, 113 So.2d 547, 550 (Fla. 1959); Stickney v. Stickney, 377 So.2d 187, 188 (Fla. 1st DCA 1979); Sikes v. Sikes, 286 So.2d 210, 212 (Fla. 1st DCA 1973). See also § 61.14(1), Fla. Stat. (1983) (court has jurisdiction to modify its prior order awarding support); Camerano v. Camerano, 340 So.2d 1200, 1202 (Fla. 4th DCA 1976) (specific retention of jurisdiction to award child support obviated need for further process).
In the present case, the trial court, as a matter of law, retained jurisdiction to modify its original child support award. Under the above-cited authorities, no new process was "needed" for purposes of rule 1.110(h) and the notice of the proceedings given to the wife by regular and certified mail was sufficient under the facts of this case. Indeed, the wife does not even claim that she had no notice or opportunity to defend against the petition for modification.
Accordingly, we reverse that portion of the trial court's order that dismissed without prejudice the husband's petition for modification, and remand for further proceedings.
The husband's motion for contempt, however, requires a different approach. The motion for contempt was based upon the wife's failure to comply with the visitation rights awarded the husband in the original dissolution decree. Proceedings to enforce or modify visitation rights of an initial decree come within the purview of the Florida Uniform Child Custody Jurisdiction Act (UCCJA), sections 61.1302-61.1348, Florida Statutes (1983). See § 61.1306(3), Fla. Stat. (1983); Findley v. Findley, 441 So.2d 1166 (Fla. 2d DCA 1983).
Under the UCCJA, jurisdiction for such proceedings lies in this state only when certain conditions are present. See § 61.1308, Fla. Stat. (1983). For example, jurisdiction to make custody determinations will lie if Florida is the home state or has been the home state of a child for six months, or if the child and at least one parent have a "significant connection" with the state. §§ 61.1308(1)(a) and (b), Fla. Stat. (1983).
Because the application of the UCCJA to the husband's motion for contempt apparently was overlooked in the proceedings below, the record on appeal lacks any findings on whether jurisdiction to hear the motion properly lies in Florida. There is nothing in the record that demonstrates any "significant connections" which the children and at least one parent have with the state of Florida. Further, there is nothing in the record which establishes where the children have been living for the past six months, although it would appear that they have been living in Georgia since the Georgia proceedings in 1982.
A record has not been fully developed with respect to this point; therefore, we think it best to also reverse that portion of the order which dismissed without prejudice the motion for contempt, and remand to the trial court to determine whether Florida is the appropriate jurisdiction to hear the motion, giving special consideration to section 61.1308 and the case law construing it. See especially Findley; Reeve v. Reeve, 391 So.2d 789, 791 and n. 2 (Fla. 1st DCA 1980). If the trial court finds that Florida is the appropriate jurisdiction, then notice of the further proceedings on the motion for contempt should be in accordance with section 61.1312. If Florida is found not to be the appropriate *1321 jurisdiction, then the motion for contempt should be dismissed.[3]
Accordingly, the trial court's order is REVERSED and REMANDED for further proceedings consistent with this opinion.
DANAHY, J., and BOARDMAN, EDWARD F. (Ret.), J., concur.
NOTES
[1] We express no opinion as to the propriety of this part of the Georgia court's order.
[2] "Apparently" is used here because these were the uncontradicted claims of the husband in his brief. The record on appeal is silent as to how or when the wife was notified of the proceedings.
[3] It seems a waste of judicial labor to have the wife come to Florida to litigate the petition for modification and at the same time require the husband to go to Georgia to litigate visitation rights. This is, however, what we interpret the law to be.