PER CURIAM.
We reverse an order reducing vested ar-rearages [1] of child support, same having been done without pleadings, Cortina v. Cortina, 98 So.2d 334 (Fla.1957); Kordak v. Williams, 404 So.2d 1137 (Fla. 4th DCA 1981); Sardinas v. Sardinas, 401 So.2d 909 (Fla. 4th DCA 1981); Kranis v. Kranis, 313 So.2d 135 (Fla. 3d DCA 1975), notice, Gilbert v. Gilbert, 472 So.2d 1317 (Fla. 2d DCA 1985); Kranis v. Kranis, supra; Sikes v. Sikes, 286 So.2d 210 (Fla. 1st DCA 1973), or evidence of waiver or laches, Burley v. Burley, 438 So.2d 1055 (Fla. 4th DCA 1983); Diaz v. Diaz, 418 So.2d 1064 (Fla. 3d DCA 1982); Yontz v. Yontz, 358 So.2d 91 (Fla. 2d DCA 1978). Upon remand, the trial court shall either enter a judgment for the arrearages or entertain a proper petition for relief therefrom.
The order of attorney’s fees is also reversed, to be reconsidered following the ultimate resolution of this matter, which consideration shall also take into account *688 fees for services rendered the appellant in this court.
Reversed and remanded with directions.

. Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974); Hynes v. Hynes, 277 So.2d 557 (Fla. 3d DCA 1973); Petrucci v. Petrucci, 252 So.2d 867 (Fla. 3d DCA 1971).