BOARDMAN, EDWARD F., (Ret.) Judge.
Appellant challenges a nonfinal order denying her motion to dismiss her former husband’s petition for modification of a final judgment of dissolution of marriage. She contends that under the provisions of the Florida Uniform Child Custody Jurisdiction Act (UCCJA), section 61-1308, Florida Statutes (1985), the trial court erred in assuming jurisdiction over the issue. For the reasons stated below, we reverse the trial court’s order.
A final judgment of dissolution of the parties’ marriage was entered May 6, 1986, by the Circuit Court in Manatee County. The court did not determine or award custody of the parties’ minor child in the final judgment. The trial court specifically reserved jurisdiction “to determine all other issues pending as of the date of the Final Hearing” and “for the enforcement and modification of this Final Judgment.” At the time of entry of the final judgment, the maternal grandparents had temporary custody of the minor child in New York. Prior to and after the entry of final judgment, the wife resided in Pennsylvania. She is currently living in New York. .The husband has continued to live in Florida.
On April 21, 1986, a Pennsylvania court awarded custody of the minor child to the Susquehanna County Services for Children and Youth under that state’s Abuse to Children Act. The minor child, Sarah Farrell, had been the victim of child abuse through contact with the mother’s boyfriend, John Waite. On August 1, 1986, appellant and the Susquehanna County Services for Children and Youth entered into a stipulation and agreed upon the following:
1. Sarah Farrell shall be returned to the home of Donna Brown [appellant].
2. Supervisory custody shall be retained by Susquehanna County Services for Children and Youth.
3. Betty Brown, maternal grandmother, shall assist Donna Brown in relocating to Syracuse, New York.
4. Susquehanna County Services for Children and Youth shall immediately make arrangements to transfer supervision of the child to the Onadoga County, New York agency which is responsible for such matters.
5. Sarah Farrell shall have no contact with John Waite.
6. Legal custody of Sarah Farrell shall be retained by the Susquehanna County Services for Children and Youth for a period of six months.
On November 24,1986, the husband filed a petition in the Circuit Court in Manatee County seeking a modification of the final judgment of dissolution of marriage and a determination of custody of the minor child. The wife moved to dismiss the suit for lack of jurisdiction alleging that the State of Pennsylvania or the State of New York has jurisdiction. The court denied the wife’s motion to dismiss and ruled that Florida had jurisdiction commencing no later than February 1, 1987. This timely appeal by the wife followed.
The issue before us is whether the trial court erred in denying the wife’s motion to dismiss and in ruling that Florida has jurisdiction of a matter which the Pennsylvania court previously exercised jurisdiction.
The provisions of the Uniform Child Custody Jurisdiction Act apply to this modification proceeding. Gilbert v. Gilbert, 472 So.2d 1317 (Fla. 2d DCA 1985); Findley v. Findley, 441 So.2d 1166 (Fla. 2d DCA 1983).
The wife contends that, under the facts of this case, Florida no longer has jurisdic *933 tion to decide the custody issue. We agree. Under the UCCJA, jurisdiction to make custody determinations will lie in Florida if it is the child’s home state at least six months prior to commencement oí the action, or if the child and at least one parent have a “significant connection” with the State of Florida. §§ 61.1308(l)(a) and (b), Fla.Stat. (1985). There is nothing in the record which establishes any “significant connections” which the minor child and at least one parent have with the State of Florida. Furthermore, the record reveals that a custody proceeding is currently pending in Pennsylvania.
Therefore, since Pennsylvania has already assumed jurisdiction in this matter, the Florida court should have declined to exercise its jurisdiction. § 61.1E14, Fla. Stat. (1985).
Accordingly, we hold that the trial court did not have jurisdiction to consider the husband’s petition for modification which seeks custody of the parties’ minor child.
Reversed.
DANAHY, C.J., and LEHAN, J., concur.