PER CURIAM.
We agree with appellant that the trial court erred in denying him the right to seek relief against the appellees through the filing of a supplemental complaint. Appellant, a minority shareholder, was originally granted relief on his claim that corporate assets had been improperly transferred. The trial court retained jurisdiction to facilitate recovery of the assets. In a proposed supplemental complaint the appellant has alleged a further series of unlawful transfers to appellees. We see no reason why appellant should not be entitled to attempt to show the transfers were illegal and in violation of his rights and the prior judgment. See Connelly v. Florida Nat’l Bank of Jacksonville, 120 So.2d 647 (Fla. 2d DCA 1960); see also Fla.R.Civ.P. 1.110(h); Camerano v. Camerano, 340 So.2d 1200 (Fla. 4th DCA 1976); Cone v. Cone, 62 So.2d 907 (Fla.1953); Republic of Haiti v. Crown Charters, Inc., 667 F.Supp. 839 (S.D.Fla.1987). Of course, appellant has the burden of alleging and proving the illegality of the alleged transfers.
*282 Accordingly, we reverse and remand for further proceedings consistent herewith.
DELL, C.J., and ANSTEAD and KLEIN, JJ., concur.