FARMER, Judge.
The issue raised by this appeal is whether the 120-day service of process requirement of rule 1.070(i) applies to post judgment supplemental proceedings for modification of alimony. We hold that it does not and reverse a trial court order dismissing a motion seeking to modify alimony.
The parties’ marriage was dissolved in a November 1987 final judgment that retained jurisdiction “of the parties and the subject matter” for enforcement and “such further orders as may be necessary regarding the rights of the parties.” The final judgment incorporated and enforced the parties’ settlement agreement which, among other things, required him to pay her rehabilitative alimony for a period of 5 years. In October 1992, she filed a supplemental petition seeking modification of alimony, either to extend it or to make it permanent. She did not then attempt to serve him with a copy of the papers, however, and in March 1993 the trial court initiated its own motion to dismiss the proceeding, citing the failure to serve the papers on the opposing party.
She promptly responded to the court’s motion, stating under oath that she did not serve him with the papers because he had promised to make payment of $10,000 in alimony arrearages and that she feared he would refuse to make the promised payment if he knew of the pendency of modification proceedings. She then effected personal service of the modification papers on him, and an appropriate return on service was filed. A few days after service, he filed his own motion to dismiss on the grounds that she had not served him with the modification papers within 120 days of filing as required by rule 1.070(i). After a hearing, the court entered a “Final Order Of Dismissal” granting his motion to dismiss, saying:
“This petition for modification is hereby dismissed. See Austin v. Gaylord, 603 [So.2d] 66 (1st DCA 1992); Morales v. Sperry Band Corp., 601 [So.2d] 538 (S.Ct. 1992); Hernandez v. Page, 580 [So.2d] 793 (3rd DCA 1991).”
None of the cases cited deal with the issue we face today.
Rule 1.070(i) provides as follows:
“(i) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court’s own initiative after notice or on motion. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).” [e.s.]
Fla.R.Civ.P. 1.070(i). At the same time, rule 1.110(h) provides:
“(h) Subsequent Pleadings. When the nature of an action permits pleadings subsequent to final judgment and the jurisdiction of the court over the parties has not terminated, the initial pleading subsequent to final judgment shall be designated a supplemental complaint or petition. The action shall then proceed in the same manner and time as though the supplemental complaint or petition were the initial pleading in the action, including the issuance of *22 any needed process. This subdivision shall not apply to proceedings that may be initiated by motion under these rules.”
Fla.R.Civ.P. 1.110(h).
The question is whether a supplemental petition for modification of alimony constitutes an “initial pleading” within the meaning of rule 1.070(i). Giving the language of that rule its plain meaning, we have no trouble in concluding that rule 1.070(i) is limited to the very first pleading, i.e., a complaint or petition, counterclaim, or crossclaim (but not a supplemental complaint or petition), that a party files after commencing or being made a party in a civil action.
Using just the text of the present version of rule 1.070(i), we note that the drafters refer only to the “initial pleading,” not to a supplemental pleading, when they speak of the requirement of the service of a summons or initial process. The filing of a post judgment supplemental petition to modify alimony does not — at least, not according to the rule’s current phraseology — reload and trigger the 120-day gun in the same way that the “initial pleading” does.
Our attention is invited to the words, “[t]he action shall then proceed in the same manner and time as though the supplemental complaint or petition were the initial pleading in the action, including the issuance of any needed process.” He cites this part of rule 1.110(h) to make the point that the drafters really intended the case to be treated in all respects as though the supplemental petition were truly an “initial pleading.” Hence, he argues, the requirements of rule 1.070(f) are fully applicable.
We see this argument as an attempt to have us rewrite the rule to add a provision that the drafters either overlooked or thought not to include. Procedural rules involving such matters as cutoff or bar dates that have the effect of terminating an action (with or without prejudice) should be, we think, read quite literally. In that way they can be limited, as they should, to the precise matters contained within them and not extended or relaxed by judges asked to do the equitable thing. If they could be so treated by judges, the parties would have no way of knowing precisely what is expected of them, and cases could become bogged down in fights over what the rules mean in every situation. These rules should, in short, be mechanically applied so that all concerned well know exactly what the law requires. If the drafters desire to make rule 1.070(i) applicable to supplemental pleadings, then it will be up to them to say so.
We also cannot avoid noting that the final judgment expressly retained jurisdiction over the parties to consider matters such as this, a circumstance that is quite common in dissolution of marriage judgments awarding rehabilitative alimony. In Camerano v. Camerano, 340 So.2d 1200 (Fla. 4th DCA 1976), we explicitly held that the supplemental proceeding was merely a continuation of the original action and that, therefore, fresh service of initial process is not required by either rule 1.070 or 1.110(h). Of course, subdivision (i) was added to rule 1.070 long after our Camerano decision, but that addition has no effect on the vitality of Camerano in our opinion. We reaffirm that the only notice required for a supplemental pleading where the court has retained jurisdiction over a party is “reasonable notice which affords an opportunity to be heard.” Camerano 340 So.2d at 1201 (citing Sikes v. Sikes, 286 So.2d 210, 212 (Fla. 1st DCA 1973)).
REVERSED.
POLEN and PARIENTE, JJ., concur.