647 So.2d 1052 (1994)
Anne HAGINS, Petitioner,
v.
Hon. Raymond T. McNEAL, Circuit Court Judge, etc., Respondent.
No. 94-2207.
District Court of Appeal of Florida, Fifth District.
December 22, 1994.
*1053 Michael C. Norvell, Leesburg, for petitioner.
Raymond T. McNeal, pro se.
GOSHORN, Judge.
Petitioner Anne Hagins seeks a writ of mandamus to compel the trial judge and clerk of the circuit court[1] to accept for filing and hear petitioner's motion for an order implementing the final judgment dissolving petitioner's marriage to respondent Robert Hagins. We deny the petition and decline to issue the writ, but write to clarify the procedure to be followed.
The dissolution judgment required petitioner to obtain approval from the court before removing the couple's children from Florida. The issue before us is whether this post-dissolution approval must be sought via petition or via motion. Petitioner chose to proceed by motion. Respondent Judge Raymond McNeal denied the motion without prejudice to petitioner filing a supplemental petition to modify the final judgment, accompanied by a filing fee, civil cover sheet, and UCCJA affidavit.
Judge McNeal asserts that his insistence on a petition is appropriate under Florida Rule of Civil Procedure 1.110(h), which provides that an initial pleading subsequent to a final judgment shall be designated a supplemental complaint or petition and that the action shall proceed as if the supplement were the initial pleading, including the issuance of any needed process. Judge McNeal acknowledges that he has both personal and subject matter jurisdiction of the requested modification, but contends that since visitation rights will be affected by the relocation of the children, a motion is not sufficient. He states that in Marion County and other counties, the filing of a supplemental complaint is treated exactly like an initial pleading in a lawsuit, and therefore a filing fee and court cover sheet are required. Judge McNeal points out, however, that there is confusion among the trial courts as to how such subsequent proceedings in a dissolution should be treated. We shall resolve that confusion, beginning with the petition versus motion controversy.
Pre- and post-dating the 1971 adoption of Rule 1.110(h), courts have held that a proceeding to modify the terms of custody or support in a final judgment of divorce is merely a continuation of the original proceeding and is not to be considered as the institution of a new action. See, e.g., Marshall v. Bacon, 97 So.2d 252 (Fla. 1957); Camerano v. Camerano, 340 So.2d 1200 (Fla. 4th DCA 1976). Indeed, Rule 1.110(h) requires that the initial pleading subsequent to the final judgment "be designated a supplemental complaint or petition." This requirement stems from the fact that the post-judgment petitioner is seeking to reactivate the original case, as opposed to merely moving the court to take some action in a pending case.
Here, petitioner is seeking a change in the status quo. Should she be successful in her quest, petitioner will remove the children from this state. This is not an enforcement of the terms of the dissolution judgment, but rather is a modification of it. Admittedly the judgment contemplated that the day might come that petitioner would desire to move out of Florida and take the children with her; however, that move cannot occur without petitioner first showing a change of circumstances justifying the relocation. See Mize v. Mize, 621 So.2d 417, 420 (Fla. 1993) (holding that "where the final judgment incorporates a prohibition against the relocation of the child thereby reflecting that the issue was litigated, the parent with the primary residential responsibility must show a change of circumstances in order to justify the relocation."). The correct procedure for bringing an asserted change of circumstances to the trial court's attention is by petition. See, e.g., Ventriglia v. Vaughan, 623 So.2d 836 (Fla. 2d DCA 1993) (noting that the filing of a petition is the proper procedure by which to seek a modification of visitation rights). We conclude, therefore, that the trial court correctly required petitioner to file a petition.
Although the court properly ordered petitioner to proceed via petition, the court *1054 erred in ordering petitioner to pay a filing fee to initiate the modification proceeding. In Camerano, supra, the court concluded that even though the supplemental proceeding pursuant to Rule 1.110(h) may be labeled a new proceeding, it is not a new or independent action and so long as the trial court has retained jurisdiction, no new process is necessary.[2]Id. at 1202 (citing Henry P. Trawick, Jr., Florida Practice and Procedure § 87 (1975)). See also Stickney v. Stickney, 377 So.2d 187 (Fla. 1st DCA 1979) (holding that a timely proceeding to modify alimony is a continuation of the original proceeding and parties are already properly within court's jurisdiction), cert. denied, 386 So.2d 642 (Fla. 1980). It logically follows that since a supplemental petition is not a new or independent action, no new or additional filing fee is required.
Upon petitioner's filing of a petition, without the necessity of a filing fee or service of process, the trial court shall hold an evidentiary hearing and determine the petition on its merits. Accordingly, we deny the petition for writ of mandamus and remand to the trial court for further proceedings upon petitioner filing a supplemental petition accompanied by a cover sheet[3] and UCCJA affidavit.
PETITION DENIED.
W. SHARP and DIAMANTIS, JJ., concur.
NOTES
[1] The petition has been previously denied as to the clerk of the circuit court.
[2] Rule 1.110(h) requires new process only if jurisdiction was not retained, either by the former judgment or as a matter of law, or if the supplemental complaint is filed in a different county than was the original. Here, the final judgment requires petitioner to obtain court approval before changing the children's residence and also retains jurisdiction over the parties and the subject matter "to enter such further orders as are meet and proper." Clearly no further service of process is required in this case.
[3] Because the cover sheet is a necessary adjunct to the court's responsibility to maintain accurate statistics, it is within the discretion of the court (and the clerk of the circuit court) to require a new cover sheet with the supplemental petition.