717 So.2d 544 (1997)
Robin ROSHKIND, Appellant,
v.
David ROSHKIND, Appellee.
No. 97-2073.
District Court of Appeal of Florida, Fourth District.
September 17, 1997.
Cynthia Van Buren, Palm Beach, for appellant.
David Roshkind, West Palm Beach, pro se.

ORDER REDESIGNATING NON-FINAL APPEAL AS FINAL APPEAL
KLEIN, Judge.
We routinely redesignate as final, appeals which are improperly filed as non-final, and vice-versa, without publishing the orders; however, we have concluded that publication of this order would be helpful to the Bar. This is an appeal from a postdissolution order granting the father's motion for modification to reduce his child support obligation.
Florida Rule of Civil Procedure 1.110(h) provides:
When the nature of an action permits pleadings subsequent to final judgment and the jurisdiction of the court over the parties has not terminated, the initial pleading subsequent to final judgment shall be designated a supplemental complaint or petition. The action shall then proceed in the same manner and time as though the supplemental complaint or petition were the initial pleading in the action, including the issuance of any needed process. This subdivision shall not apply to proceedings that may be initiated by motion under these rules.
Modification proceedings in dissolution cases do not necessarily require formal service of process. Camerano v. Camerano, 340 So.2d 1200 (Fla. 4th DCA 1976); Gilbert v. Gilbert, 472 So.2d 1317 (Fla. 2d DCA 1985); and Sikes v. Sikes, 286 So.2d 210 (Fla. 1st DCA 1973). Nor do they necessarily require payment of a circuit court filing fee. Hagins v. McNeal, 647 So.2d 1052 (Fla. 5th DCA 1994).
The issue before us, which was not decided in the above cases, is whether a final order in a modification proceeding is a final judgment, to be appealed by plenary appeal, or an order entered after final judgment, reviewable as a non-final appeal under Florida Rule of Appellate Procedure 9.130(a)(4). Although the above decisions would support an argument that petitions for modification are not independent actions, the orders entered in modification proceedings have all of the aspects of final judgments. We therefore conclude that they are final judgments, subject to motions for rehearing under Florida Rule of Civil Procedure 1.530(a), and appealable as plenary appeals. We accordingly redesignate this appeal as a final appeal, as *545 we did in Cherna v. Cherna, 427 So.2d 395 n. 1 (Fla. 4th DCA 1983).
WARNER and PARIENTE, JJ., concur.