PER CURIAM.
Phyllis and Daniel Walker were divorced on July 15, 2003. Incorporating the parties’ marital settlement agreement, the final judgment of dissolution provided that Daniel was to pay Phyllis rehabilitative alimony for 10 years. The judgment reserved jurisdiction to “modify and enforce” the judgment.
On August 27, 2008, Phyllis filed a petition for modification of alimony seeking to convert the rehabilitative alimony to permanent alimony and to increase the amount of the award. The summons on the petition was served on Daniel. He answered and later moved to dismiss the petition for lack of subject matter jurisdiction. The circuit court granted the motion, relying on Stickney v. Stickney, 377 So.2d 187 (Fla. 1st DCA 1979).
Chapter 61 vests a circuit court with continuing jurisdiction to enforce and modify an alimony award. See § 61.14(l)(a), Fla. Stat. (2010); see also Wiele v. Kadzis, 915 So.2d 777, 777 (Fla. 1st DCA 2005). Section 61.14(l)(a), which allows a court to “modify an order of support, maintenance or alimony,” empowers a court to change the nature of an award and extend the period for payment. See Pujals v. Pujals, 414 So.2d 228, 229 n. 4 *1129 (Fla. 3d DCA 1982); O’Neal v. O’Neal, 410 So.2d 1369, 1371 (Fla. 5th DCA 1982). Circuit courts have the subject matter jurisdiction to consider timely petitions for such modification, whether or not the court has expressly reserved jurisdiction in a final judgment. See Pujals, 414 So.2d at 229.
Due process requires that the party against whom relief is sought have “reasonable notice which affords an opportunity to be heard.” Kosch v. Kosch, 113 So.2d 547, 550 (Fla.1959). Stickney, upon which the trial court relied, was a case involving personal jurisdiction, not subject matter jurisdiction. There, the final judgment awarded rehabilitative alimony. Stickney, 377 So.2d at 188. The former wife served the former husband with a petition for modification by mail. Id. Because the final judgment did not “reserve or retain jurisdiction to award permanent alimony in the future,” the first district held that the former wife should have proceeded under a rule of procedure “which requires new service of process.” Id. The holding of Stickney was that the court lacked personal jurisdiction over the former husband, not that it lacked subject matter jurisdiction over the petition for modification. In this case, personal jurisdiction was not at issue; the husband was personally served with the petition.
The circuit court had the personal and subject matter jurisdiction to rule on the petition for modification. We reverse the order of dismissal and remand to the circuit court to consider the petition on the merits.
GROSS, CIKLIN and LEVINE, JJ, concur.