379 So.2d 677 (1980)
Beatrice Ann MATTESON, Appellant,
v.
Bobby C. MATTESON, Appellee.
No. 78-2139.
District Court of Appeal of Florida, Second District.
February 1, 1980.
*678 Frederick J. Damski, Hauppauge, N.Y., for appellant.
Norman Bie, Jr., Largo, for appellee.
HOBSON, Judge.
Appellant Beatrice Matteson brings this appeal from a final order rendered in the Circuit Court of Pinellas County. The order awarded appellee Bobby Matteson permanent and sole exclusive care, custody and control of the parties' two minor children. Appellant argues that under the guidelines of the Florida Uniform Child Custody Jurisdiction Act, Sections 61.1302 through 61.1348, Florida Statutes (1977), the Florida court erred in assuming jurisdiction over the cause. We agree and reverse the final order.
The parties were granted a dissolution of marriage in Pinellas County, Florida on August 13, 1975. The final judgment awarded custody of the two minor children to appellee Bobby Matteson. Pursuant to a joint stipulation approved by the court, custody was subsequently awarded to appellant Beatrice Matteson on December 12, 1975. Soon afterwards, Beatrice Matteson moved with her children to the State of New York where they have continuously resided since.
In July, 1977, Bobby Matteson filed a motion with the Circuit Court of Pinellas County for visitation rights and enforcement of the executory provisions of the final judgment of dissolution pertaining to visitation rights. The ensuing order awarded him temporary custody of the children during certain specified periods of time each year. The order further stated that the children could be transported at appellee's expense to Florida, unaccompanied, on a nonstop commercial airline flight.
*679 At the time agreed on for the children's summer visit, Beatrice Matteson received airline tickets from her former husband for the children's transportation. She inquired of the airline as to the advisability of allowing a four-year old child and a nine-year old child to travel alone from New York to Florida. The airline advised her that it was disallowed and appellant so informed appellee and asked him to make more suitable arrangements. He did not respond.
In September, 1977, the Circuit Court of Pinellas County issued an order abating child support payments until such date as Beatrice Matteson complied with the previous visitation order.
In August, 1978, Bobby Matteson filed a motion for modification of the order approving the December, 1975, joint stipulation which gave custody to Beatrice Matteson. The modification motion sought permanent custody of the minor children. Appellant submitted her affidavit in opposition to appellee's motion; however, the Circuit Court of Pinellas County entered an order awarding permanent custody to Bobby Matteson. Appellant then filed an order to show cause on petition for determination of custody in Special Term Part V of the Supreme Court of New York pursuant to the Uniform Child Custody Jurisdiction Act. On December 15, 1978, the New York Court entered an order granting Beatrice Matteson temporary, exclusive care, custody and control of the children and further staying and restraining Bobby Matteson from removing the children from the jurisdiction of the court and from enforcing the October 5, 1978 order of the Pinellas County Circuit Court.
The jurisdictional problem presented in this case is facilitated by reference to the Uniform Child Custody Jurisdiction Act. Section 61.1308, Florida Statutes (1977):
61.1308 Jurisdiction. 
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
(c) The child is physically present in this state and:
1. The child has been abandoned, or
2. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(d) 1. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
2. It is in the best interest of the child that a court of this state assume jurisdiction.
(2) Except under paragraph (c) or paragraph (d) of subsection (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
*680 First, we note that the Act applies to modification orders as well as initial custody decrees. Second, subsection (1)(a) 1 and 2 cannot vest exclusive jurisdiction in Florida because both of the children have resided in New York for more than three years. Therefore, Florida is not the children's "home state."
Third, subsection (1)(b) 1 requires "significant connection" between the State of Florida and the children and their parent(s). As stated above, both children and the custodial parent have lived in New York for three years. Only Bobby Matteson resides in Florida. The fact that the original divorce decree and subsequent modification thereof was obtained in Florida does not constitute "sufficient connection" to satisfy the requirement of this subsection.
Fourth, under subsection (1)(b) 2, we recognize that the Matteson children have an established home in New York and it is there that the courts have access to school and medical records as well as information concerning their home life.
Subsection (1)(c) 1 and 2 does not apply to the instant case because the children are obviously not abandoned or in an emergency situation.
Although the Act states that the physical presence of the children in a state is not the deciding factor in and of itself, we have determined that the continual residence of the Matteson children with their mother in the State of New York over a three-year period and the willingness of the New York courts to assume responsibility in this matter, clearly satisfy the purpose and spirit of the Uniform Child Custody Jurisdiction Act.
For the reasons stated above, we hold that the Pinellas County Circuit Court should have declined jurisdiction over the instant case and erred in entering the final custody order. We, therefore, reverse the order from which this appeal is taken.
GRIMES, C.J., and OTT, J., concur.