**IN RE: The Marriage of DANIEL JAMES VEILLETTE**
Case No. 80-6124 CA(D) B
Fifteenth Judicial Circuit, Palm Beach County
October 19, 1983

Louis L. Williams, for Daniel James Veillette.

Stephen W. Hall, for Joan Louise Veillette.

JOHN D. WESSEL, Circuit Judge

This is a serious and unfortunate dispute over jurisdiction in a child custody case.

## HISTORY

This action was commenced by a Dissolution of Marriage action before this Court which concluded with the granting of a Final Judgment of Dissolution with custody of the minor child, JAMES PAUL VEILLETTE, being awarded to the Petitioner/Mother, JOAN LOUISE VEILLETTE. Apparently *pendente lite* the custody of the minor child was also granted to the Father/Respondent, DANIEL JAMES VEILLETTE (D.E.20).

This Court learned at the final hearing on the Husband's Motion to Modify that the child was never in the physical custody of Mother, but always with the Respondent/Father.

The Respondent/Father sought in this Court an order modifying the final decree of custody after the child was removed fom his custody when the Respondent, using the Florida Final Judgment obtained a Writ of Habeas Corpus from a Houston, Harris County, Texas Family District Court. The Father/Respondent sought custody from the Texas Court but it refused to exercise jurisdiction because the Florida Court retained jurisdiction, and Texas did not enter the contract under the Uniform Child Custody Jurisdiction Act.

The Father, simultaneously filed in this Court a Motion to Modify and requessted an Order of temporary custody on June 2, 1983. At this time there is nothing of record to indicate that New York had exercised any jurisdiction over the custody issue. Service of the Respondent's Motion was obtained on her by the Sheriff of Harris County, Texas, on June 3, 1983. She does not deny service or notice of these modification proceedings in this Court.

On June 24, 1983, the Father obtained a default against the Mother, and on June 30, 1983, this Court set this cause for Final Hearing on June 17, 1983 by Court Order.

Meanwhile, the Family Court of the County of Niagara, State of New York, the Mother filed a Petition for Custody and for an Order to Show Cause on June 17, 1983, ex parte, with a return date f July 19, 1983. Subsequently, the New York Court issued an Order on September 13, 1983, 1) recognizing the Florida Final Judgment of Dissolution, and 2) denying recognition of the Modificaion entered by this Court.

## MOTION FOR REHEARING

The Mother in her Motion for Rehearing makes three claims:

1)  The Florida courts have no jurisdiction;

2)  Wife was not given reasonable notice;

3)  Service on the Wife on the Petition for Modification was ineffective.

## JURISDICTION

The Mother claims this Court lacks jurisdiction in this cause. We disagree. The Uniform Child Custody Jurisdiction Act has been adopted by Florida and New York and has not been adopted by Texas. In determining jurisdiction one must examine the Final Judgment granting custody, determine the home state of the child, determine the existence of any proceedings regarding the custody in this action.

The Florida Final Judgment clearly indicates a retention of jurisdiction in this State. We recognize that this is not conclusive, but it plays a particularly important part in this case. Texas could have exercised in persona jurisdiction over the minor child but refused but recognized the Florida Judgment retaining jurisdiction.

1)  What is the home state of the child? 61.1306(5) Florida Statute defines home state. It is clear Texas in the instant case would be the home state of this child had it been a Uniform Child Custody Jurisdiction Act State, the child having resided in Texas for six months preceding the time involved.

2)  The next question is, does New York have jurisdiction? Although the Final Judgment granted the Mother custody, the records indicate that prior to the Petition for Modification she never had physical custody of the child which means the actual possession and control of the child. 62.1308(a) Florida Statute.

"(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(a) This state:

(1) Is the home state of the child at the time of commencement of the proceeding, or

(2) Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State."

New York does not meet the criteria under the provisions of paragraph (1)(a) above, and there is nothing in the record to support jurisdiction under 61.1308(1)(b) or (c). In fact the record supports only that 61.1308(1)(d) would apply and conclusively that Florida was at least temporarily the State with jurisdiction.

Furthermore, the provisions as to simultaneous proceedings, 61.1314 Florida Statutes, will not apply because no proceedings had been commenced when the Florida action for Modification was initiated. In fact the New York Court if it had followed the provisions of the act rather than summarily issuing ex parte Rule to Show Cause and had contacted this Court when it knew from the Petition for Custody filed before it that modification proceedings had been initiated in Florida, then this Court under the Act could have made provisions for the Florida or New York Court to determine the fate of this child rather than making him a fumbled jurisdictional football.

The Mother cites *Matteson v. Matteson*, 379 So.2d 677 (2nd DCA 1980). New York was clearly the home state by virtue of the actual physical presence of the children there prior to the Florida proceeding for modification. This was not the case herein.

In conclusion, New York has no jurisdiction under the Uniform Child Custody Jurisdiction Act and has ignored Section 61.1308 of the Act. Texas has no jurisdiction by virtue of refusal. Therefore, Florida was the only state with jurisdiction as this Court has determined.

## SERVICE AND NOTICE

The Mother claims that the service of the Petition for Modification was defective and that the notice was improper. This Court concludes that neither position has merit considering a default had been entered.

Accordingly, the Mother's Motion for Rehearing on jurisdiction ground is denied.

## MOTION TO SET ASIDE DEFAULT AND VACATE ORDER

The Mother claims the default and Order entered should be set aside because of excusable neglect raised by the circumstances surrounding this case which this Court concludes was confusing. It is supported by an Affidavit that supports the Mother's equitable argument. Accordingly, the Motion to set aside the default is granted. The Response filed to the Modification Petition is deemed filed. The Order entered by this Court on July 12, 1983 is hereby vacated.