441 So.2d 1166 (1983)
Kimberlee Anne FINDLEY, Appellant,
v.
Steven Lynn FINDLEY, Appellee.
No. 83-1407.
District Court of Appeal of Florida, Second District.
November 23, 1983.
Jerry C. Cobb, Clearwater, for appellant.
Herman B. Blumenthal, III, Seminole, for appellee.
SCHEB, Judge.
Appellant challenges a nonfinal order denying her motion to dismiss her former husband's petition for modification of child custody. She also attacks the trial court's order granting the husband's motion to enforce his rights of visitation with the children. She contends that under the guidelines of the Florida Uniform Child Custody Jurisdiction Act (UCCJA), sections 61.1302-61.1348, Florida Statutes (1931), the trial court erred in assuming jurisdiction over the cause. We agree and reverse.
A final judgment of dissolution of the parties' marriage was entered August 21, 1980, by the Circuit Court in Pinellas County. The wife was awarded custody of the parties' two minor children, and the husband was given reasonable rights of visitation. The final judgment contemplated that the wife might remove the children from this state. The trial court also specifically retained jurisdiction of the action "to enforce ... or to modify the same as equity may demand." Shortly after entry of the final judgment, the wife and children left Florida. In August 1981 they moved to Illinois, where the children have been attending primary school. The husband has continued to reside in Florida.
On July 7, 1983, pursuant to the former wife's petition, an Illinois court entered an order establishing the Florida dissolution judgment and temporarily suspending the *1167 husband's visitation rights. That court specifically found that it had jurisdiction to make a child custody determination under UCCJA. The husband made a special appearance in the Illinois proceeding but took no appeal from the court's final judgment. The court's order found:
1. That the Petitioner and the two minor children of the parties have been residents of Olney, Richland County, Illinois since August, 1981.
2. That the Petitioner and the two minor children of the parties have significant and substantial contacts with the State of Illinois in that both minor children were born in the State of Illinois, both minor children resided in the State of Illinois until 1977, the children have attended school in the State of Illinois for the past two school years, the children attend church in the State of Illinois, the children are involved in a number of extracurricular activities in the State of Illinois, the maternal grandparents of the minor children and other relatives reside in the State of Illinois, and the children are presently being treated by a pediatrician and clinical psychologist in the State of Illinois.
3. That there is in the State of Illinois substantial evidence concerning the minor children's present and future care, protection, training and personal relationships.
4. That this Court has jurisdiction to make a child custody determination, as that phrase is defined in Ill. Rev. Stat., Ch. 40, § 2103.02, pursuant to Ill. Rev. Stat., Ch. 40, § 2104.
On April 20, 1983, after being served with a summons in the Illinois action, the husband filed a petition in the Circuit Court in Pinellas County seeking to modify the custody arrangements. The wife moved to dismiss that suit for lack of jurisdiction and filed with the court certified copies of the documents from the Illinois proceedings. The husband then moved to enforce his visitation rights under the Florida judgment of dissolution. The court ruled that it had jurisdiction and granted the husband's motion to enforce his rights of visitation. This appeal by the wife ensued.
The issue before us is whether the trial court erred in not deferring to the jurisdiction previously exercised by the Illinois court.
In Matteson v. Matteson, 379 So.2d 677 (Fla. 2d DCA 1980), the Circuit Court in Pinellas County granted a final judgment in 1975. The final judgment awarded custody of the two minor children to the husband. A few months later custody was awarded to the wife by joint stipulation. She and her children then moved to the State of New York and continued to reside there. Difficulties arose between the parties, and in 1978 the husband obtained an order from the Circuit Court in Pinellas County modifying the final judgment and awarding him permanent custody of the two children. The wife subsequently obtained an order granting her temporary custody from a New York court pursuant to UCCJA. The New York order restrained the husband from enforcing the Pinellas County Circuit Court order. The wife appealed the final order rendered in Pinellas County. We held that the fact that the original divorce decree and subsequent modification were obtained in Florida was not sufficient to vest jurisdiction in the Florida court on the issue of custody. Judge Hobson, writing for the court, noted that where Florida was no longer the children's "home state," that these facts were not sufficient to satisfy section 61.1308(1)(b)1, which requires "significant connection" between the State of Florida and the children and at least one parent.
The husband seeks to distinguish our holding in Matteson. He points out that in the case now before the court the trial court had expressly retained jurisdiction to enforce or modify the custody and visitation provisions. This, he notes, is a factor which does not appear in our opinion in Matteson. We do not find this to be a legitimate distinction because a trial court has the right to consider modification of custody and visitation rights without an express reservation of jurisdiction as long as those *1168 items were ruled on in the final judgment. Wells v. Ward, 314 So.2d 138 (Fla. 1975). To accept the husband's position would mean that despite the legitimate relocation of children to another state, the parties would be relegated to litigating custody and visitation problems in the state where the original judgment was entered. Provincialism of this type is contrary to the intent of the UCCJA. § 61.1304, Fla. Stat. (1981).
Here, as in Matteson, the children have an established home in another state, and it is there that the courts have access to their school and medical records as well as information concerning their home life. Moreover, from a practical standpoint, enforcement of matters concerning custody and visitation can be better accomplished for all concerned where the children reside. See § 61.1304(3), Fla. Stat. (1981). Clearly, Illinois is the state which is in the best position to decide this case in the interest of the children. See Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980). But see Reeve v. Reeve, 391 So.2d 789 (Fla. 1st DCA 1980).
The Illinois court has already shown a willingness to assume responsibility in this matter. As such, the Florida court should have declined jurisdiction after determining that the Illinois court was exercising jurisdiction substantially in conformity with the UCCJA. § 61.1314, Fla. Stat. (1981). See Bedingfield v. Bedingfield, 417 So.2d 1047 (Fla. 4th DCA 1982), review dismissed, 427 So.2d 736 (Fla. 1983); Detko/Roberts v. Stikelether, 370 So.2d 383 (Fla. 4th DCA 1979).
Accordingly, we hold that the trial court in Pinellas County erred in denying the appellant's motion to dismiss and in granting the husband's motion to enforce rights of visitation under the 1980 final judgment.
REVERSED.
OTT, C.J., and BOARDMAN, J., concur.