530 So.2d 1043 (1988)
Karen Renee SPERRY, Appellant,
v.
Erik James SPERRY, Appellee.
No. 87-3568.
District Court of Appeal of Florida, Second District.
September 2, 1988.
William F. Brewton, Dade City, for appellant.
William A. Wiltman, Dade City, for appellee.
RYDER, Acting Chief Judge.
The former wife appeals from a trial court's final order denying her motion to vacate its orders modifying custody, visitation and support. She also appeals from a trial court's order which adjudicated wife in contempt of court and ordered her imprisoned as a result of the contempt. Wife, relying upon the Florida Uniform Child Custody Jurisdiction Act, sections 61.1302 through 61.1348, Florida Statutes (1987), contends that the court lacked jurisdiction in this matter. We agree.
On May 29, 1984, the trial court entered a final judgment of dissolution of marriage between the parties. In June of 1984, wife, pregnant with the parties' fourth child, moved to North Carolina with the parties' three other children. Husband did not challenge the residence change. On November 1, 1984, the trial court entered an amended final judgment of dissolution of marriage granting custody of the parties' minor children: Erin, Jessica, and Justin, to wife.
On October 5, 1984, wife filed a motion to establish child support. The motion was not heard. On October 18, 1985, husband filed a petition to modify the amended final judgment of dissolution as well as a motion to hold wife in contempt for failure to comply with the court's visitation order. Wife noticed for hearing her previous motion of October 5 to establish child support and also filed a motion for an order of contempt against husband.
The trial court heard the parties' motions on August 12, 1986. The court withheld adjudication on the contempt motions, but amended the amended final judgment. In the amended amended final judgment, the trial court delineated husband's visitation rights and gave custody of the youngest child, Danielle, to wife.
In December 1986, husband filed a supplemental petition to modify the last amended final judgment. Since October 1986, the parties' eldest daughter, Erin, had been living in Florida with husband and wished to remain with husband. The trial court awarded custody of Erin to husband.
*1044 On April 16, 1987, husband filed a petition to modify the amended amended final judgment of dissolution of marriage and also filed a motion for contempt. Husband contended that wife failed to comply with the visitation rights accorded husband.
The court heard husband's petition and motion on June 22, 1987. The trial court awarded custody of the three children that remained with wife to husband. The court held wife in contempt for failure to obey the visitation provisions of the August 20, 1986 order. The court sentenced wife to fifteen days' imprisonment.
In September 1987, wife began proceedings in North Carolina. The North Carolina court held:
[T]hat pending the hearing of the appeal in Florida, the North Carolina Court must recognize the jurisdiction of the State of Florida and give full faith and credit to the Order entered therein on June 27, 1987.
From the foregoing FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the custody of the children shall be delivered by the Plaintiff herein to the Defendant. This Order being entered subject to being modified if the Florida Court shall hereafter sustain the appeal of Karen Renee Sperry Gasser, and if said Order is sustained, the Courts of North Carolina and Florida shall have further proceedings to determine jurisdiction. The Sheriff of Buncombe County is hereby ordered to take from the Plaintiff said children and deliver them to the Defendant.
In Florida, wife filed motions to vacate the order modifying custody, visitation and support and to vacate the order adjudicating her in contempt of court and the order of commitment. The trial court denied wife's motions holding: the court had jurisdiction at the time the orders were entered and that the court continues to have jurisdiction; wife "intentionally tried to frustrate the desires and intentions of the Court in relation to visitation."
Section 61.1308, Florida Statutes (1987), sets out the jurisdiction of Florida courts in child custody matters:
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
(c) The child is physically present in this state and:
1. The child has been abandoned, or
2. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(d) 1. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
2. It is in the best interest of the child that a court of this state assume jurisdiction.

*1045 (2) Except under paragraph (c) or paragraph (d) of subsection (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
Neither subsection (1)(a)1 nor subsection (1)(a)2 "vest(s) exclusive jurisdiction in Florida." Matteson v. Matteson, 379 So.2d 677, 680 (Fla.2d DCA 1980). While one of the parties' children, Erin, lives in Florida with husband, the three other children, who are the subject of this proceeding, have resided in North Carolina since June 1984 when wife, who was pregnant with Danielle, moved to North Carolina with the other three children. Florida is not the children's "home state."
"Subsection (1)(b)1 requires a `significant connection' between the State of Florida and the children and their parent(s)." Matteson at 680. As was noted, the three children that are the subject of this proceeding and the custodial parent have lived in North Carolina since June 1984. "The fact that the original divorce decree and subsequent modification thereof was obtained in Florida does not constitute `sufficient connection' to satisfy the requirement of this subsection." Id. Also, the fact that the three children visited in Florida once during that three-year period does not provide a "sufficient connection" to satisfy subsection (1)(b)1. Contra Reeve v. Reeve, 391 So.2d 789 (Fla. 1st DCA 1980) (Florida trial court had jurisdiction where child and one contestant, wife, had a significant connection with the state of Florida; although child resided in New Jersey since July 1975, wife resided in Florida since the dissolution and had not lost contact with the child having visited with her several times since 1975.)
Under subsection (1)(b)2, the three children have "an established home" in North Carolina and "it is there that the courts have access to school and medical records as well as information concerning their home life." Matteson at 680.
Both subsections (1)(c)1 and (1)(c)2 are inapplicable to the instant case "because the children are obviously not abandoned or in an emergency situation." Matteson at 680.
Finally, "[p]roceedings to enforce or modify visitation rights of an initial decree come within the purview of the Florida Uniform Child Custody Jurisdiction Act (UCCJA), sections 61.1302-61.1348, Florida Statutes (1983)." Gilbert v. Gilbert, 472 So.2d 1317, 1320 (Fla.2d DCA 1985). Because the trial court lacked jurisdiction in the instant case, the trial court erred in adjudicating wife in contempt and in ordering her imprisoned.
Thus, we hold that under the UCCJA the Pasco County Circuit Court lacked jurisdiction in the instant case and erred in entering the final orders modifying custody, visitation, and support, adjudicating wife in contempt of court and ordering wife imprisoned.
REVERSED.
HALL and THREADGILL, JJ., concur.