552 So.2d 291 (1989)
Sue Ann OSTERINK, F/K/a Sue Ann Mabrey, Appellant,
v.
Jimmie Gordon MABREY, Appellee.
No. 89-00200.
District Court of Appeal of Florida, Second District.
November 15, 1989.
J. Christopher Lombardo of Asbell, Hains, Doyle & Pickworth, P.A., Naples, for appellant.
Celia Ellen Deifik, Naples, for appellee.
FRANK, Judge.
The Mabreys were divorced in Florida in July of 1986. As part of the final judgment of dissolution the former wife, now known as Sue Ann Osterink, was designated the primary residential custodian of the couple's minor daughter, Ashley. Provisions of the final judgment permitted Sue Ann to establish Ashley's residence in Michigan and allowed the father scheduled visitation. In May of 1987 Sue Ann filed the final judgment procured in Collier County with the Kent County Circuit Court in Michigan, and she thereafter sought to amend the Florida judgment to revamp the visitation schedule. The father did not challenge the jurisdiction of the Michigan court.
The Michigan court found that it had jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), section 600.651 et seq., Mich. Comp. Laws. After referring the visitation issues to the Kent County Family Services for recommendation, on May 27, 1988, the court amended the final judgment in accordance with the agency's findings. The father did not appeal in Michigan.
In the meantime, on September 15, 1987, after Sue Ann filed her petition for modification in Michigan, the father filed his petition for modification in the Collier County Circuit Court, followed by a request for temporary custody. Sue Ann responded to the father's modification petition with a motion to dismiss for lack of jurisdiction. No action occurred in the Florida proceeding until January, 1989, after the Michigan court had amended the final judgment, at which point the Florida court concluded that it had jurisdiction to entertain the custody dispute. It is from this order that Sue Ann has appealed.
It appears to us that the circuit court entered its order without regard to the Uniform Child Custody Jurisdiction Act, section 61.1302, et seq., Florida Statutes (1987). That statute, adopted by all fifty states and the District of Columbia, is designed to confine the determination of custody to one state absent exceptional circumstances, none of which is present here. See Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980). The mere fact that the original divorce decree was obtained in Florida does not commit the custody question to exclusive jurisdiction in Florida. Findley v. Findley, 441 So.2d 1166 (Fla. 2d DCA 1983). Rather, the UCCJA provides a multi-prong test to determine the conditions under which a court can properly *292 exercise its jurisdiction to regulate custody. § 61.1308, Fla. Stat. (1987).
Under the UCCJA, the Michigan court properly exercised its authority to amend the final judgment. Michigan had become the child's home state. It was her home at the time when the Michigan proceedings were begun and had been for the previous six-month period. § 61.1306(5), Fla. Stat. (1987). Cases construing the UCCJA have emphasized that the state properly exercising jurisdiction after the child has moved from one state to another is the child's home state. See Prickett v. Prickett, 498 So.2d 1060 (Fla. 5th DCA 1986); Matteson v. Matteson, 379 So.2d 677 (Fla. 2d DCA 1980). Our own court recently reannounced this principle in Sperry v. Sperry, 530 So.2d 1043 (Fla. 2d DCA 1988). In that case the children had moved with their mother from Florida to North Carolina in 1984. When the husband requested custody of the children in a petition to modify an amended final judgment, the Florida court erroneously proceeded to adjudicate the matter. In reversing we noted the applicability of the UCCJA, the fact that North Carolina had become the home state of the children, and the further fact that, as in this case, the children no longer had a "significant connection" with Florida and the evidence associated with their "present or future care, protection, training, and personal relationships," § 61.1308(1)(b), Fla. Stat., in Florida was minimal but substantial in their home state.
Where another state has expressed willingness to accept jurisdiction, and its exercise is proper under the UCCJA, a Florida court should decline jurisdiction. § 61.1308(1)(d), Fla. Stat.; Herrero v. Matas, 447 So.2d 335 (Fla. 3d DCA 1984); Hegler; Hanson v. Hanson, 379 So.2d 967 (Fla. 1st DCA 1979).
Accordingly, the order under review is reversed and vacated.
DANAHY, A.C.J., and LEHAN, J., concur.