674 So.2d 148 (1996)
Josie Lynn Campbell PETTINATO, Appellant,
v.
Donald Spencer JOHNSON, Appellee.
No. 95-01945.
District Court of Appeal of Florida, Second District.
April 10, 1996.
Rehearing Denied May 20, 1996.
*149 Roberta D. Kushner of Kushner & Kushner, Ft. Myers, for Appellant.
Stephen J. Taminosian, Ft. Myers, for Appellee.
PARKER, Judge.
Josie Lynn Campbell Pettinato (former wife) appeals an order which denied her motion to dismiss a supplemental petition for modification of final judgment which Donald Spencer Johnson (former husband) filed. Pettinato based her motion on forum non conveniens grounds. We affirm.
The parties were divorced in Florida in 1989. The parties agreed that Pettinato would be the primary residential custodian of their eighteen-month-old daughter. Within one month Pettinato and the child moved to New York, where they have resided permanently and continuously. The child now attends school in New York. Johnson, who has continued to reside in Florida, has had virtually no contact with his daughter. He called her once in 1989 and encountered her on the beach in Florida in 1993. The only contact the child has had with Florida in the last six years is one or two visits a year with her maternal grandmother.
In 1994 Johnson filed a Supplemental Petition for Modification of Final Judgment in which he requested a visitation schedule with the child. Pettinato filed a Motion to Dismiss Based on Forum Non Conveniens. After an evidentiary hearing, the trial court denied the former wife's motion, concluding that the court acquired jurisdiction at the time of filing of the dissolution action and would retain jurisdiction.
The first question that we must address is whether the trial court in Florida has continuing jurisdiction in this case. We conclude that it does based upon Yurgel v. Yurgel, 572 So.2d 1327 (Fla.1990). In Yurgel, the supreme court stated that a court has continuing jurisdiction over its own custody decrees. The Uniform Child Custody Jurisdiction Act (§§ 61.1302-.1348, Fla.Stat. (1993)) "does not operate to divest a court of continuing jurisdiction unless virtually all contacts have been lost with the forum state." Yurgel, 572 So.2d at 1331. A custody proceeding appropriately commenced in Florida remains under Florida's jurisdiction until this state's court expressly determines that "jurisdiction no longer is appropriate, until virtually all contacts with Florida have ceased, until some other Florida statute terminates jurisdiction, or until jurisdiction is terminated by operation of the [Parental Kidnapping Prevention Act]." Yurgel, 572 So.2d *150 at 1332. Although one could argue that virtually all contacts with Florida have ceased in this case, the First District has held that there can be no finding of virtually no contact with the original state when the father continued to reside in that state. Lamon v. Rewis, 592 So.2d 1223, 1225 (Fla. 1st DCA 1992).
Yurgel recognizes that there are some circumstances where equity and fairness require Florida courts to decline to exercise their continuing jurisdiction when another state is a more appropriate forum. Yurgel, 572 So.2d at 1331. Only the court which entered the initial custody order should evaluate the contacts between the child and the states involved in the determination of whether the initial state should relinquish jurisdiction. Lamon, 592 So.2d at 1225. A party should file a petition for modification in the court which rendered the original decree even if another state has become the home state of the child. Lamon, 592 So.2d at 1225.
In recognizing Yurgel and agreeing with the holding in Lamon, we recede from the following three opinions of this court: Matteson v. Matteson, 379 So.2d 677 (Fla. 2d DCA 1980)[1]; Sperry v. Sperry, 530 So.2d 1043 (Fla. 2d DCA), review denied, 538 So.2d 1255 (Fla.1988)[2]; and Osterink v. Mabrey, 552 So.2d 291 (Fla. 2d DCA 1989).[3] Although these three cases suggest that Pettinato should prevail in this appeal, they are inconsistent with our supreme court's holding in Yurgel.
Section 61.1316(3), Florida Statutes (1993), sets forth factors for a court which has jurisdiction to consider whether it should decline to exercise its jurisdiction because it is an inconvenient forum. It provides:
(3) In determining if it is an inconvenient forum, the court shall consider if it is in the best interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
(a) If another state is or recently was the child's home state;
(b) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;
(c) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;
(d) If the parties have agreed on another forum which is no less appropriate; and
(e) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in s. 61.1304.
§ 61.1316(3), Fla.Stat. (1993). Factors (a), (b), and (c) favor the State of New York in this case.
Although we may have ruled differently than the trial court's decision to maintain jurisdiction in Florida, we conclude that the trial court did not abuse its discretion in refusing to decline to exercise its jurisdiction. The trial court stated that it would not force the father, who permitted the child to move to New York, to travel to New York to litigate this matter. The trial court further *151 stated that all of the witnesses from New York could testify by telephone. Because the order of the trial court is consistent with Yurgel and we conclude that the trial court did not abuse its discretion in retaining jurisdiction, we affirm.
Affirmed.
CAMPBELL, A.C.J., and PATTERSON, J., concur.
NOTES
[1] In Matteson the parties divorced in Florida. The mother and the children moved to New York, and the father remained in Florida. The father filed postdissolution motions pertaining to visitation and custody in Florida. The mother filed a postdissolution action in New York. The Florida court awarded the father permanent custody of the children. The New York court awarded the mother temporary, exclusive custody of the children and restrained the father from enforcing the Florida order. This court held that the Florida court should have declined to exercise jurisdiction and erred in entering the final custody order.
[2] The Sperry court held that the Florida trial court lacked jurisdiction of a custody matter even though the parties obtained their divorce in Florida because the wife and three children had lived out-of-state since shortly after the dissolution and the children had visited Florida only once in a three-year period.
[3] In Osterink the father filed a postdissolution petition for modification seeking temporary custody in Florida, and the mother filed a postdissolution petition for modification of the visitation schedule in Michigan. The Michigan court amended the final judgment. The Florida court entered an order wherein it concluded that it had jurisdiction over the custody dispute. This court held that the Michigan court properly exercised jurisdiction because it was the child's home state and reversed the Florida court's order that it had jurisdiction.