KLEIN, Judge.
Petitioner seeks certiorari review of an order staying Florida proceedings pending a South Carolina action involving modification of the custody provisions of a final order of dissolution. We have certiorari jurisdiction to review such a stay order. REWJB Gas Investments v. Land O’Sun Realty, Ltd., 643 So.2d 1107 (Fla. 4th DCA 1994). We grant the petition because the trial court’s deferral to South Carolina contravenes the Uniform Child Custody Jurisdiction Act.
The parties’ marriage was dissolved in a partial final judgment in 1993, and custody of their two children was resolved in a final judgment rendered in Florida on February 7, 1994. Subsequently in 1994 the father filed a motion for modification in Broward County alleging that his the mother, who had since moved with the children to South Carolina, was denying him visitation. The mother filed a motion for contempt in that proceeding alleging failure to pay child support, and the court entered an order adopting the general master’s report on those issues on December 2,1994.
In August 1995 the father again moved for contempt, alleging the mother’s non-compliance with visitation provisions in the December 1994 order, and the mother sought modification of child support in that proceeding. On February 26, 1996 the court ordered mediation and set a final hearing for April 29, 1996.
The mother then filed a complaint in South Carolina seeking modification of the Florida final judgment. At a March 20,1996 hearing on the father’s motion for visitation, the Bro-ward County judge advised the parties that the judge assigned to the South Carolina case had advised him that he had accepted jurisdiction over the ease. The Broward County judge then announced that in view of the fact that the children had lived in South Carolina for two and half years, and because the South Carolina judge had accepted jurisdiction, he would stay proceedings in Florida pending a ruling in South Carolina. The father seeks review of the order incorporating that ruling.
*958 In Yurgel v. Yurgel, 572 So.2d 1327,. 1332 (Fla.1990), the supreme court held that the Florida’s court’s jurisdiction continues in these cases until it determines “that jurisdiction no longer is appropriate, until virtually all contacts with Florida have ceased, until some other Florida statute terminates jurisdiction, or until jurisdiction is terminated by operation of the PKPA [Parental Kidnapping Prevention Act].” Since the father in the present case continued to reside in Florida, it cannot be said that all contact with Florida had ceased. Campbell v. Johnson, 674 So.2d 148 (Fla. 2d DCA 1996); Lamon v. Rewis, 592 So.2d 1223 (Fla. 1st DCA 1992). Nor did Florida’s jurisdiction terminate for any other reason under Yurgel.
Because Florida’s jurisdiction continued, South Carolina did not acquire jurisdiction to modify the Florida order. S.C.Code § 20-7-810 (1993); Fla.Stat. § 61.133 (1995). The Florida court accordingly erred in declining jurisdiction based on the South Carolina court having accepted jurisdiction.
The fact that the Florida court had jurisdiction would not preclude it from declining to exercise that jurisdiction if it finds that Florida is an inconvenient forum under another provision of the Uniform Child Custody Jurisdiction Act, section 61.1316(1), Fla.Stat. (1995). That, however, would require consideration of factors which were not considered by the Florida court. See Booker v. Booker, 636 So.2d 796 (Fla. 1st DCA 1994).
We therefore reverse and remand for farther proceedings.
DELL and WARNER, JJ., concur.