COPE, Judge.
Stacey Winton-Ibanez appeals the trial court’s order declining to exercise jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA). We treat the non-final appeal as a petition for writ of certiorari. See Kessler v. Davidian, 673 So. 2d 957 (Fla. 4th DCA 1996); Pefaur v. Pefaur, 617 So.2d 426, 427 (Fla. 3d DCA 1993). We conclude that the trial court properly declined jurisdiction in favor of the home state, France, and deny the petition.
I.
Petitioner-mother Stacey Winton-Ibanez and respondent-father Franck Louis Ibanez were married in 1992. The child of the marriage was born in Paris, France, in 1994. In 1996 the mother decided to separate from the father and brought the minor child to Miami, Florida. In August 1996, four months after arriving in Florida, the mother filed an action for separate maintenance and child custody. In September 1996, the father filed an action in Paris, France for dissolution of marriage and child custody.
The father filed a motion to dismiss the Florida action, arguing that Florida should decline to exercise jurisdiction and defer to France, the child’s home state. After an evidentiary hearing, the trial court entered an order stating, “This court ... declines to exercise jurisdiction in deference to the proceedings in France. Should the Courts of France determine that this matter should be decided in Florida, U.S.A., this court will reopen its file and hear the case.” Order, January 6, 1997, at 4. The mother asks this court to quash the trial court’s order.[1]
*1346 Under UCCJA, “[t]he general policies of this act extend to the international area.” § 61.1348, Fla.Stat. (1995). Within the framework of the UCCJA, France is the home state of the child. See id. § 61.1306(5). Home state jurisdiction is available in France because it had been the child’s home state within six months before commencement of the Florida proceeding, and the father continues to live in France. See id. § 61.1308(l)(a)2.
Although the parties disagree on how to interpret the trial court’s order, in our view the trial court found that under the facts of this case, Florida would also have jurisdiction under the “significant connection” provision of the Act. See id. § 61.1308(l)(b); Siegel v. Siegel, 575 So.2d 1267, 1270 (Fla.1991) (in some circumstances UCCJA “jurisdiction may be available in more than one state.”) We reach that conclusion because of the trial court’s ruling that it would exercise jurisdiction if the French courts decline to exercise jurisdiction. The trial court would not have made such a statement if it believed that Florida was entirely without jurisdiction.
We find no departure from the essential requirements of law in the trial court’s decision to defer jurisdiction to the child’s home state. Contrary to the mother’s argument, the fact that the mother filed first did not prevent the Florida court from deferring to the child’s home state. Although the mother has shown substantial ties to Florida, the trial court’s discretionary decision to defer to the home state rests on a reasoned basis in the record now before us. See Siegel v. Siegel, 575 So.2d at 1271.
Second, a practical consideration must be mentioned. The trial court explicitly deferred to the French court and thereafter the French court, in response to the Florida court’s invitation, asserted jurisdiction. The mother wants us to reverse course, reassert jurisdiction, and presumably ask the French court to defer to Florida. We have great reluctance to take that step at this stage, now that proceedings are actively under way in France, with a hearing on the merits scheduled to occur there next month. [2]
We conclude that certiorari must be denied.
II.
During the pendency of this appeal, the father filed an action in the United States District Court for the Southern District of Florida under the International Child Abduction Remedies Act (ICARA), 42 U.S.C. § 11601. ICARA implements the 1980 Hague Convention on the Civil Aspects of International Child Abduction.[3] The father seeks return of the minor child to him in France.
When the Convention has been timely invoked, Article 16 provides for a partial stay of judicial proceedings. Article 16 states:
After receiving notice of a wrongful removal or retention of a child in the sense of Article 3, the judicial or administrative authorities of the Contracting State to which the child has been removed or in which it has been retained shall not decide on the merits of rights of custody until it has been determined that the child is not to be returned under this Convention or unless an application under this Convention is not lodged within a reasonable time following-receipt of the notice.
(Emphasis added).
The father filed a notice of the provisions of article 16 with this court. He suggests that Article 16 creates an automatic stay of all judicial proceedings. We disagree.
We treat the father’s notice as a motion for stay, and deny it. Article 16 forbids a decision “on the merits of rights of custody” until the application for return of the child under the Convention is decided. The present petition does not involve any decision on the merits of rights of custody. The only issue before us relates to jurisdiction: the *1347 trial court’s decision to defer jurisdiction to the child’s home state. Contrary to the father’s suggestion, Article 16 does not call for a stay of all proceedings. As the text plainly indicates, Article 16 allows proceedings to go forward but temporarily forbids a decision on the merits of the child custody issue.
Certiorari denied; motion for stay denied.

. After the trial court issued its ruling that it would decline jurisdiction, the French court ruled that it would assert jurisdiction.

. We are aware of the status of proceedings in France because both parties moved to expedite this case, on the ground that a hearing on the merits has been scheduled in France for April 1, 1997.

. The Convention is reprinted in the Florida Bar, Florida Family Law Handbook, at 3-1 (4th ed.1995), and the Martindale Hubbell International Law Digest, at IC—43 (1997).