OPINION BY
OLSZEWSKI, J.:
¶ 1 This is an appeal from the lower court’s dismissal of appellant’s petition for the involuntary termination of appellee’s parental rights for lack of jurisdiction. For the following reasons we affirm.
¶ 2 As stated by the court below in its filed opinion:
On June 13, 2001, [appellant] filed a Petition for Involuntary Termination of Parental Rights of [appellee], the biological Father of [BKN], a child born December 24, 1995. [Appellant] alleged, somewhat inarticulately, that [appellee] has “shown a repeated and continuous incapacity, abuse, neglect or refusal to properly parent the child since the child’s birth.” In addition, [appellant] alleged that [appellee’s] conduct has caused the child serious psychological trauma including, among other things, sexual abuse, failure to provide proper hygiene and failure to provide proper care for and comfort to the child.
Preliminary Objections, in the form of a demurrer, were filed by [appellee] on September 21, 2001. This resulted in [appellant] filing an Amended Petition for Involuntary Termination of Parental Rights on October 17, 2001. To this Amended Petition, [appellee] again filed Preliminary Objections raising the question of lack of subject matter jurisdiction in that, prior to the Mother’s termination petition being filed, there existed an ongoing custody proceeding then pending in the Circuit Court of the Eighth Judicial Circuit in and for Ala-chua County, Florida .... After oral argument on [appellee’s] Preliminary Objections was held, this Court entered an Order and Decree on March 4, 2002 denying and dismissing [appellant’s] Amended Petition for Termination of Parental Rights on the basis of this Court lacking appropriate jurisdiction. It was the finding of this Court that the Florida court in Alachua County had proper jurisdiction in this matter and *1276 therefore jurisdiction was deferred to Florida for consideration of the custody and adoption petitions.
N.T. Opinion, 7/16/02, at 1-2. Our review of the record also reveals the fact that the court below assumed jurisdiction of this matter on April 10, 2001.
¶ 3 Appellant has assigned two errors to the court below: that it dismissed appellant’s petition and that it did so after assuming jurisdiction over the matter. As we find that the lower court could never have had jurisdiction, making the earlier assumption ineffective, the lower court properly dismissed this action.
¶4 Our standard of review of the trial court’s decision to decline jurisdiction under the Uniform Child Custody Jurisdiction Act (“UCCJA”) is an abuse of discretion. Black v. Black, 441 Pa.Super. 358, 657 A.2d 964, 966 (1995).
¶ 5 Attached to the lower court opinion is an “Order Denying Respondent’s Motion for Transfer of Jurisdiction and Venue from the Eighth Judicial Circuit of Florida in Alachua County.” The order, dated August 2, 2001, states:
1. This is not an initial proceeding to establish custody of a child in an interstate dispute, but rather an action brought by the Respondent [our appellant here] to modify a valid, previously entered Florida custody decree. The Court finds that florida [sic] continues to have sole jurisdiction over the child pursuant to Section 61.133 [sic], Florida Statutes (1999). This jurisdiction is supported by the Petitioner’s continuing residency in Florida and the holding in Lamon vs. Lamon [sic], 592 So.2d 1223 (Fla. 1st DCA 1992).
3. The Respondent’s various motions to transfer jurisdiction and venue, are hereby denied.
Opinion, 7/16/02, attachment. The Florida child custody statute referred to states, among other things, that the courts of that state “shall determine all matters relating to custody of each minor child of the parties in accordance with the best interests of the child and in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act.” Fla. Stat. § 61.13(2).
¶ 6 The state case referred to is also instructive of the Florida court’s position. In Lamon, the parties were divorced in Georgia, and a custody order was entered there. The father stayed in Georgia with all the minor children and the mother moved to Florida. Eventually, one child moved to Florida to live with his mother, who subsequently filed to modify the custody order in a Georgia court. The Georgia court refused because the mother failed to appear at the hearing.
¶7 The mother then petitioned for a modification order in a Florida court. The Georgia court entered an order adjudicating the mother to be in contempt of court for violating its custody order; specifically held that it had jurisdiction of the parties and of the subject matter; and held that the mother was in violation of the UCCJA. In the end, the Florida trial court found that it had jurisdiction to make the modification, and did so. The father appealed, and the Florida Court of Appeal held that its lower court had erred when it assumed jurisdiction:
Only the court in the state where the initial custody order was entered should evaluate the contacts between the child and the states involved in determining whether the initial state should relinquish jurisdiction.... A second state may only exercise jurisdiction where the court of continuing jurisdiction (court where original custody order was rendered) expressly determines that its exercise of jurisdiction is no longer appro *1277 priate or where virtually all contacts with the state of continuing jurisdiction have ceased.
Lamon v. Rewis, 592 So.2d 1223, 1225 (Fla.Dist.Ct.App.1992). Here, the court below found that the Florida court continued to retain exclusive jurisdiction over this custody dispute, and we are inclined to agree that such was the intent of its order.
¶ 8 The Pennsylvania version of the UC-CJA has a jurisdictional statute with a number of potential qualifying subsections. Under one of them, a court may assume jurisdiction of a child custody case if “it appears that no other state would have jurisdiction.” 23 Pa.C.S.A. § 5344(a)(4). The Florida court’s order makes it clear that it had, and intended to retain, jurisdiction. Appellant argues that this does not prevent the Pennsylvania court from assuming jurisdiction because the various qualifying subsections are separated by the word “or”[1] and because she satisfied three other subsections.[2] This, she argues, makes the Florida court’s retention of jurisdiction moot.
¶ 9 Appellant’s interpretation is not the statute’s intent. A uniform law enacted in the Commonwealth must be interpreted and construed to effect its “general purpose.” 1 Pa.C.S.A. § 1927. The Uniform Law Comments to subsection 5344(a)(4) of the UCCJA state that it “provides a final basis for jurisdiction which is subsidiary in nature. It is to be resorted to only if no other state could, or would, assume jurisdiction .... ” Id. at Uniform Law Comments. The intent of the uniform law, then, is to permit one state’s court to assume jurisdiction only if another state’s court has not or will not.
*1278 ¶ 10 In addition, to permit the court below to assume jurisdiction would be contrary to the federal Parental Kidnapping Prevention Act (“PKPA”), 28 U.S.C. § 1738A. Under the full faith and credit provisions of the PKPA, a court “shall enforce according to its terms, and shall not modify except as provided in subsections (f), (g), and (h) of this section, any custody determination or visitation determination made consistently with the provisions of this section by a court of another State.” 28 U.S.C. § 1738A(a). Subsections (f) and (g) permit the state court to assume jurisdiction if the foreign court does not have, or declines, jurisdiction or if the proceeding in that court is final. Id. at 1738A(f)(2), (g).[3] As neither was the case here, the federal statute prohibited the Pennsylvania court from assuming jurisdiction.
¶ 11 Even if we were to interpret the UCCJA to grant jurisdiction where the PKPA does not, the PKPA would super-cede the UCCJA. In Barndt v. Barndt, 580 A.2d at 325 (Pa.Super.1990), the lower court modified a North Dakota child custody order. Although we were unable to determine from the record whether jurisdiction was proper under the UCCJA, we were able to determine with certainty that it was not under the PKPA. We held, “In cases of conflict between the two statutes, it is clear that the PKPA must prevail over any contrary laws of the states in the area of recognition and modification of a sister state’s custody decree.” Id. at 326.
¶ 12 However, we believe that neither statute granted jurisdiction over this case to a Pennsylvania court. Therefore, the court below was required to dismiss the petition because where “the review of the applicable state law and the PKPA disclose that the decree state still has continuing jurisdiction, the courts of this Commonwealth must refuse to hear the petition ....” Id. at 327.
¶ 13 Appellant also argues that the court gained jurisdiction by virtue of its April 10, 2001 order in which it assumed jurisdiction over this case. However, “Orders of a court which is without proper subject matter jurisdiction are without legal force.” Id. at 322. As discussed above, the court below could not have assumed jurisdiction, and so this first order was a nullity. We also note that appellant neglected to mention the Florida proceedings in either her petition or her amended petition. In light of her conscious choice not to provide the court below with this relevant information, we will not hold the first order against it.
¶ 14 Appellant also relies on the UCCJA modification statute, 23 Pa.C.S.A. § 5355, to argue that the court below had jurisdiction over this case. This statute does not support appellant’s position for the same reason that it strengthens ours. Under that statute, a Pennsylvania court may not modify a custody decree of another state unless the other state no longer has jurisdiction and the Pennsylvania court does. 23 Pa.C.S.A. § 5355(a). The Florida court positively retained exclusive jurisdiction so, for the reasons discussed above, the court below could not assume jurisdiction.
¶ 15 Finally, appellant makes a passing argument that the Florida court relinquished jurisdiction because it failed to comply with a Florida statute that required it to inform the Pennsylvania court of the conflict when it learned of it. This argument is spurious. The Florida court’s *1279 order is in the record; and we are inclined to think that appellant was no more forthcoming about the Pennsylvania proceeding to the Florida court than she was about the Florida proceeding to the Pennsylvania court.
¶ 16 Under the UCCJA and the PKPA, it was not abuse of discretion for the court below to dismiss appellant’s petition. The order of the court below is affirmed.
¶ 17 Order affirmed.

. The jurisdiction statute of Pennsylvania’s UCCJA states:
A court of this Commonwealth which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) this Commonwealth:
(i) is the home state of the child at the time of commencement of the proceeding; or
(ii) had been the home state of the child within six months before commencement of the proceeding and the child is absent from this Commonwealth because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this Commonwealth;
(2) it is in the best interest of the child that a court of this Commonwealth assume jurisdiction because:
(i) the child and his parents, or the child and at least one contestant, have a significant connection with this Commonwealth; and
(ii) there is available in this Commonwealth substantial evidence concerning the present or future care, protection, training and personal relationships of the child;
(3) the child is physically present in this Commonwealth, and:
(i) the child has been abandoned; or
(ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;
(4) (i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (1), (2) or (3), or another state has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum to determine the custody of the child; and (ii) it is in the best interest of the child that the court assume jurisdiction; or
(5) the child welfare agencies of the counties wherein the contestants for the child live, have made an investigation of the home of the person to whom custody is awarded and have found it to be satisfactory for the welfare of the child.
23 Pa.C.S. § 5344(a) (emphasis added).

. Appellant claims that she satisfied the first three subsections. The court below did not make a determination on the matter.

. Subsection (h) relates only to the modification of visitation orders, and is not applicable here.