WARNER, J.
We affirm the trial court’s order dismissing the mother’s emergency motion for contempt and other relief in which she *1243 alleged that the father failed to return the children from Panama, where he lives. The court concluded that it did not have jurisdiction under the Uniform Child Custody Jurisdiction Act because the parties were divorced in Panama, which issued a final judgment of divorce including provisions regarding custody of the children; the Panamanian court entered an order on modification, in which proceedings the mother participated; and the father continued to reside in Panama.
Under these facts, Panama had jurisdiction, and the Florida court could not invoke jurisdiction of the matter unless the Panamanian court determined that it no longer had continuing jurisdiction of the matter or that Florida would be a more convenient forum. See § 61.516(1), Fla. Stat. (2003); see also Lamon v. Rewis, 592 So.2d 1223, 1225 (Fla. 1st DCA 1992) (“A second state may only exercise jurisdiction where the court of continuing jurisdiction (court where original custody order was rendered) expressly determines that its exercise of jurisdiction is no longer appropriate or where virtually all contacts with the state of continuing jurisdiction have ceased”). Clearly, that has not happened in this case.
The mother’s claim of jurisdiction under the Parental Kidnapping Prevention Act is also mistaken, as that statute also continues jurisdiction in the state that made the original determination of custody or visitation. See 28 U.S.C. § 1738A(d)(2003).
The mother’s remaining points are also without merit.

Affirmed.

POLEN and HAZOURI, JJ., concur.